*A. Ellison*, for the appellant.

May Term, 1861.

THE STATE v. CLARK.

---

THE STATE, on the relation of DRULINER, *v.* CLARK.

To justify the granting of a new trial on the ground of newly discovered evidence, it must be such as could not have been obtained on the trial had by reasonable diligence, and must not be merely cumulative, nor for purposes of impeachment.

The common law rule is that guardians must keep their wards employed in earning their own support, rather than permit them to consume in idleness the principal of their patrimony.

If, however, the ward is physically unable to earn such support, or can not do it without encroaching upon the time necessary to acquire a good English education, and the ward has property, the guardian may use such property for the support and education of the child.

The Revised Statutes of 1838 did not restrict this common law power of a guardian; and expenses properly incurred by him in the maintenance of his ward, might be allowed to him by the Court, in a suit by his ward on his bond.

APPEAL from the *St. Joseph* Common Pleas.

PERKINS, J.—Suit upon a guardian's bond. Issues of fact; trial and judgment. No demurrers present questions upon the pleadings. No exceptions present questions upon the rulings of the Court during the progress of the trial.

A motion for a new trial was made and overruled. The motion was made after judgment was entered, but at the same term, and was continued under advisement to the next

Tuesday, *May 28.*

term. There was no error in this. The correctness of the finding upon the evidence heard, as that evidence was all admitted without objection, and tends to sustain the finding, can not be here denied. The cause was tried under the code. But one of the grounds for a new trial was newly discovered evidence. The correctness of the ruling of the Court below upon this point may be considered here, and decided upon its real merits. To justify the granting of a new trial upon the ground we are now examining, it is held, as the general rule, that the newly discovered evidence must be such as could not have been obtained on the trial had by reasonable diligence; that it must not be merely cumulative, and must not be for purposes of impeachment of witnesses examined. Tested by these rules, it will at once be manifest, on examining the record, that the action of the Court below on the motion for a new trial, for the cause assigned, was not erroneous.

Two questions of law are raised and argued by counsel, which will be considered and decided. The ward, who now sues her guardian on his bond for wasting her estate, was supported by that guardian from infancy to the sixteenth year of her age. In that support, the guardian used the interest and a portion of the principal of her personal estate, without having first obtained the direction of the proper Court. He set up that use in defense against this suit, and the defense was allowed. It is claimed, on the part of appellant: 1. That the guardian can not have a credit for such expenditure in any suit, in any Court. 2. That if he can, it will not be allowed in a suit on the bond.

If the credit is allowable at all, the account can be taken and the credit allowed, under our present practice, in a suit on the bond. *The State* v. *Strange*, 1 Ind. 538; *The State ex rel.* v. *Hughes*, 15 *id.* 104. Can such a credit be allowed? As a question of power, without regard now to the propriety of the allowance in this particular case, can the Court make it in any case?

*Blackstone* says, Book 1, p. 462, that, "The power and reciprocal duty of a guardian and ward are the same, *pro tempore*, as that of a father and child; and therefore I shall not repeat them, but shall only add, that the guardian, when

the ward comes of age, is bound to give him an account of all that he has transacted on his behalf, and must answer for all losses by his wilful default or negligence. In order therefore to prevent disagreeable contests with young gentlemen, it has become a practice for many guardians, of large estates especially, to indemnify themselves by applying to the Court of Chancery, acting under its direction, and accounting annually before the officers of that Court. For the lord chancellor is, by right derived from the crown, the general and supreme guardian of all infants, as well as idiots and lunatics; that is, of all such persons as have not discretion enough to manage their own concerns. In case therefore any guardian abuses his trust, the Court will check and punish him; nay, sometimes will proceed to the removal of him, and appoint another in his stead."

What is the obligation of a father, touching the support of his child?

*Walker*, in his American Law, 4 Ed., p. 258, says that there is no legal obligation, at common law, on the part of the father to support his infant children.

It is laid down in *Blackstone*, Book 1, p. 449, that "no person is bound to provide a. maintenance for his issue, unless where the children are impotent and unable to work, either through infancy, disease, or accident, and then is only obliged (by 1 *Anne*, St. 1, ch. 30) to find them with necessaries, the penalty on refusal being no more than 20s. a month. For the policy of our laws, which are ever watchful to promote industry, did not mean to compel a father to maintain his idle and lazy children in ease and indolence." See Ind. Dig. 492. But, see Reeves' Dom. Rel. 283. So, a step-father is not obliged to maintain the children which his wife may have had by a former husband. Note by *Sharswood* to 1 Black. Com. 449; Ind. Dig. 492; Sections 2 and 3, Reeves' Dom. Rel. 285. The theory of the common law then, its policy, is that children, when physically able, are to support themselves by their own labor. Hence, the right on the part of the father, when he supports his child, to the earnings of such child as the consideration for support. Hence, the rule that guardians should keep their wards employed in earning their own

support, rather than permit them to consume in idleness the principal of their patrimony.

But if the ward be physically unable to earn such support, or can not do it without encroaching upon the time that should be devoted to acquiring a good English education, and the ward has property, the guardian may, and should if necessary, encroach even upon the principal of such property for the support and education of the child. Mr. *Reeves*, in his Domestic Relations, 324, says: "No guardian is bound to maintain his ward at his own expense, except he be the father; but whatever expense he is at for the ward's maintenance, the guardian shall be reimbursed out of the ward's estate." He further says, "the safest way for such guardian, is for him to apply to Chancery, [or to the Probate Court,] in the first instance, and procure the sanction of that Court for the expenditures he is about to make." See, also, 1 Black. Com. 462. But suppose he does not so apply, and makes expenditures for maintenance without the previous direction of the Court, can the Court afterward allow them to be paid out of the principal of the ward's estate, if need be? The Court will exercise great caution and scrutiny in allowing such expenditures to be charged upon the infant's estate. It may refuse the allowance. But it is in its power to make it, if it seems right so to do. This is settled in the matter of Bostwick, 4 John. Ch. Rep. 100, where Chancellor *Kent* states the history of the question, and the change of ruling upon it in the English Chancery. See, also, other cases to the same point, in the 2d vol., pt. 2, of Leading Cases in Equity, 168; see, also, cases cited in *Harring* v. *Coles*, 2 Bradf. Sur. Rep. 349. Thus far we have examined the power of the guardian upon common law principles. It may be restricted by statute. Has it been so restricted in this State? It had not, at the time the expenditures in this case were made, but had rather been enlarged. R. S. 1838, § 52, p. 103. Whether the power of the guardian, or of the Court, has been restricted in later codes we need not here inquire, though we are not aware of any such. It being, then, when the expenditures in this case were made by the guardian, a right possessed by him to make expenditures for

the support of the ward, taking the risk of their allowance, as being reasonable, by the proper Court; and the proper Court having allowed them, after a jury had found them reasonable, this Court could not disturb that allowance, where it would not set aside the verdict of a jury in other cases.

May Term, 1861.

THE STATE v. CLARK.

*Per Curiam.*—The judgment is affirmed, with costs.

*R. L. Farnsworth* and *J. A. Liston,* for the appellant.

*H. C. Newcomb, J. S. Harvey* and *John Tarkington,* for the appellee.

(1.) By counsel for appellant : Where the relation of parent and child exists, or is established by consent of one standing in the place of a parent, as a step-father, the child can not charge for its services, nor such person for necessaries or keeping. The presumption being that they are rendered in that relation, and not for compensation. 2 Kent, 183 ; 5 Howard, 122 ; 3 Comstock, 317–321 ; 2 Wharton's Dig. § 49, p. 5 ; 1 Parsons on Cont. 257 ; McDonald's Treatise, 490 ; U. S. Dig. 79, 218 ; 6 Ind. 60, 68 ; 3 Chancery Amer. Dig. 31, 149 ; 2 Story's Eq. Jur., § 1354 a, p. 788.

In cases where the guardian converts money to his own use, or uses it in his business, or is guilty of gross negligence, he must pay compound interest in yearly, or half yearly, rests. 18 Pick. 6–8 ; 1 John's Chan. Rep. 627–629.

An agent can not put himself in a position adverse to that of his principal ; he can not buy and sell, and loan and borrow. A guardian is a special trustee and agent. 1 Parsons on Cont. pp. 74, 75, 180, 104, 101, 103 ; 2 Kent Com. 237, 238, and n. b.. 240 n. a., and 241.

Where there are new securities on several bonds, both securities are liable. 1 U. S. Eq. Dig. 596, § § 303, 291, 314, 313, 316, 317, 306, 307, 308.

Where sureties are added to a bond they also are liable, to some extent, as if original sureties, and such liability extends to property subsequently acquired. 5. U. S. Dig. Supplement, § § 163, 165, p. 104.

As to granting a new trial upon newly discovered evidence, see *Myers* v. *Bromwell,* 2 Aiken, 407 ; *Richardson* v. *Backus,* 1 Johns, 59 ; *Broadhead* v. *Marshall,* 2 W. Blacks, 955.

As to verdicts contrary to evidence, and smallness of damages, &c., see *Bacot* v. *Keith,* 2 Bay, 466 ; *John* v. *Scribner,* 6 Cown, R. 185 ; 7 Serg. & Rawle, 457 ; 2 Hayw. 224 ; *Norris* v. *Freeman,* 3 Will. 38 ; *Jackson* v. *Sternbergh,* 1 Caines, 163 ; *Wallace* v. *Frazier,* 2 Nott & McCord, 516.

As to perverse verdicts, see *Ash* v. *Ash,* Comb. 357 ; *Freeman* v. *Price,* 1 Younge & Jervis, 402 ; *McConnell* v. *Hampton,* 12 Johns, R. 234 ; *Coffin* v. *Coffin,* 4 Mass. R. 1. ; *Cook* v. *Green,* 11 Price, 736.

As to new trial granted on account of surprise, see *Elie* v. *East India Co.,* 1 Wm. Black, 295 ; *Thurtell* v. *Beaumont,* 1 Bingham, 339 ; *Le Flaeming* v. *Simpson,* 1 Man. & Ryl. 269 ; *Sargent* v. *Deniston,* 5 Cowen, 106 ; *Peterson* v. *Barry,* 4 Binn. 481.

May Term, 1861.

THE TERRE HAUTE AND RICHMOND RAILROAD Co.. v. SMITH.

Without the express sanction of the Court, a trustee or guardian will not be permitted, of his own accord, to break in upon the capital of his ward or *cestui que trust.* *Fonteaux* v. *Lapage*, 6 Iowa R. 131 ; 2 Story's Eq. Jur. §§ 1353-1355, p. 35 ; *Walker* v. *Wetherell*, 6 Ves. 474; 2 Leading Ca. in Eq. part 2, top p. 169.

(2.) By counsel for appellee : Even a father will be entitled to an allowance out of the estate of his child for its support, where he is unable properly to support it. *Haase* v. *Roehrscheid*, 6 Ind. 66 ; 2 Kent's Com. mar. 191, and notes *d. e.;* 2 Barb. Ch. R. 375 ; 2 Ashmead, 332 ; Cooper's Eq. R. 52 ; 14 Ves. 499.