NOVEMBER TERM, 1865. 107

Owen and Others *v.* The State ex rel. Owen and Others.

Owen and Others *v.* The State ex rel. Owen and Others.

Partition—Bond of Commissioner.—A suit upon the bond of a commissioner appointed to sell real estate in a proceeding for partition, is properly brought in the name of the State on the relation of the owners of the land.

Same—Statute of Limitations.—A cause of action accrues upon such bond upon the failure of the commissioner to pay over the money within a reasonable time after he receives it, under the direction of the court, and a suit may be brought at any time within twenty years thereafter.

Surety—Neglect to Sue.—A mere neglect to sue, in the absence of the notice required by the statute, will not exonerate the surety.

Administrator—Parties.—When an administrator is a necessary party to an action, he may be sued in any county where any of his co-defendants reside.

APPEAL from the *Hendricks* Common Pleas.

Gregory, J.—This was a suit on a bond executed by a commissioner appointed by the court to sell real estate in a partition case, in which the lands could not be divided without damage to the owners.

The act concerning the partition of lands provides that "such sale shall be made by a commissioner to be appointed by the court, other than one of the commissioners to make partition; and such commissioner shall file a bond payable to the State of *Indiana,* in such penalty as the court may direct, conditioned for the faithful discharge of the duties of his trust." 2 G. & H., § 20, p. 365, It is contended that there is no statute authorizing a suit to be brought on this bond, and that therefore none can be maintained on the relation of the persons in interest. The code provides that "actions upon official bonds, and bonds payable to the State, shall be brought in the name of the State of *Indiana,* upon the relation of the party interested." 2 G. & H., § 7, p. 41. This suit is brought on the relation of the owners of the real estate in the partition suit. The court below committed no error in overruling the demurrer to the complaint.

It is contended that the action is barred by the statute of limitations. The commissioner appointed by the court to sell the real estate was not a *public officer,* within the meaning of the second clause of section 211 of the code, (2 G. & H., 158,) and the action could have been brought at any time within twenty years after the cause of action accrued. 2 G. & H., § 211, clause 5, p. 159.

The cause of action accrued upon the failure of the commissioner to pay over the money within a reasonable time after he received it, under the direction of the court. The statute provides that the moneys arising from such sale, after payment of just costs and expenses, shall be paid by such commissioner to the persons entitled thereto, according to their respective shares, under the direction of the court." The order of the court for the payment of the money by the commissioner to the distributees was made on the 17th of *May,* 1863. The transcript of the record does not show when the suit was commenced, but it was pending at the *January* term, 1864. We will presume, nothing appearing to the contrary, that the suit was commenced after the order of distribution was made. It is urged that the court below erred in sustaining a demurrer to the 3d paragraph of the answer of the sureties. There is nothing in this. That paragraph averred that after the money for which the land had been sold was collected, the relators neglected to take any steps to have it paid over to them, but, on the contrary, when the court issued citations to compel the commissioner to pay over the money, they appeared in court and consented that he might retain the money, and dismissed all proceedings against him. It is provided in the code, that "any person bound as surety upon any contract in writing for the payment of money, or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract. If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute

NOVEMBER TERM, 1865. 109

Owen and Others *v.* The State ex rel. Owen and Others.

the same to judgment and execution, the surety shall be discharged from all liability thereon." 2 G. & H., §§ 672, 673, pp. 306, 307, 308.

This is all the power the surety has over the action of the creditor or obligee. It is true that the creditor or obligee cannot, on a valid consideration, tie up his hands as against the principal without releasing the surety, but a mere neglect to act, in the absence of the notice required by statute, will not exonerate the surety.

There was a demurrer sustained to the 5th paragraph of the answer of the sureties, and this is assigned for error. That paragraph alleges that the commissioner, under the verbal order of the court, and with the consent of the relators, and without the knowledge or consent of the sureties, loaned the money. This did not suspend the right of action on the bond, if any existed at the time, and therefore the sureties have no right to complain. Their remedy was open to them, and was in no wise abridged by the action of the relators.

*Mills,* the administrator of *Wilson,* a deceased surety, was made a co-defendant. He took his letters of administration in *Marion* county, and resided there. It is claimed that *Mills* cannot be sued in any county other than that in which he administered on the estate of *Wilson.* This objection is without foundation. He was a proper, if not a necessary party, and could be joined in this action, and compelled to answer in any county in which a part of his co-defendants resided. *Braxton, Adm'r,* v. *The State ex rel. Albert, ante* p. 82. It is claimed that the damages are excessive. We have examined the evidence, and think the finding of the court below was right.

The judgment is affirmed, with costs.

*P. S. Kennedy* and *S. Blair,* for appellants.

*C. C. Nave,* for appellees.