MYERS ET AL. *v.* THE STATE, EX REL. APPLETON ET AL.

SET-OFF.—*Pleading.*—A plea of set-off is not bad because it assumes to answer the whole complaint, but, in fact, only answers a part.

SAME.—*Sureties on Guardian's Bond.*—The sureties on the bond of a guardian, in a suit upon the bond, may plead by way of set-off an indebtedness of the relator to the guardian.

SAME.—In a suit upon a guardian's bond, an answer by the sureties that the guardian was poor and indigent, and was compelled to use the money sued for in support of the relator, and that he wrongfully refused to claim any allowance for the support of the relator, and asking that the amount so expended may be set off against the claim of the relator, is bad.

From the Decatur Circuit Court.

*J. Gavin, J. D. Miller, C. Ewing,* and *J. K. Ewing,* for appellants.

*S. A. Bonner* and *J. L. Brocken,* for appellees.

BUSKIRK, J.—This was an action on the bond of William

Appleton, guardian of the relators, against said Appleton and the appellants, who are the sureties on the bond of such guardian. The removal of the guardian from the State, his failure to report, and the conversion of the money of his wards to his own use, are assigned as breaches of the bond. The cause was continued as to Appleton for *alias* process.

The appellants answered in four paragraphs. A demurrer was sustained to the first, second, and third paragraphs, and exception. The cause was submitted to the court for trial, and resulted in a finding for the appellee. New trial refused, and judgment.

The sustaining of the demurrer to the second and third paragraphs of the answer, and the refusal of a new trial, are assigned for error.

The second and third paragraphs of the answer are as follows:

" 2. That said relators are, and were, indebted to said guardian in the sum of five hundred dollars, at the date of his removal as such guardian, for their board and maintenance during their minority, for which said guardian had no credit at the date of his removal, and for which they demand judgment, and for all other proper relief.

" 3. The defendants, William H. Myers and Francis M. Trisler, administrator of Michael G. Daily, deceased, for further answer to the complaint herein, say that the relators are the daughters of the defendant William Appleton; that while said defendant Appleton was guardian of said relators, he expended the sum of one thousand dollars in the education, clothing, and support of the relators; that said defendant William Appleton was poor and in very indigent circumstances, while he was such guardian, and was compelled to and did use the money sued for in support of said relators; that these defendants were the accommodation sureties of said defendant Appleton, and that he wrongfully refused to claim any allowance for such support in his reports of his trust to the common pleas court, and he still

fails and refuses to claim the same, and is now wrongfully suffering the relators, his daughters, to compel its payment a second time; wherefore the defendants say that the relators are indebted to the defendant William Appleton, who is principal in said bond, and they ask that such indebtedness be set off against their claim to an amount equal to such indebtedness, namely, one thousand dollars."

The objection urged against the second paragraph is, that it assumes to answer the whole complaint, but only answers a part. The objection is untenable. It was held in *Curran* v. *Curran*, 40 Ind. 473, that the rule of pleading applicable to pleas in confession and avoidance had no application to pleas of set-off. This paragraph is purely and simply an answer of set-off. The implication is, that the indebtedness resulted from a contract either express or implied. It alleges that the relators were indebted to the principal in the bond in the sum of five hundred dollars for their maintenance and support. The sureties of the guardian have the right to plead, by way of set-off, an indebtedness to the guardian. This is expressly authorized by the code, and has been so held by this court. Sec. 58 of the code, 2 G. & H. 89; *Slayback* v. *Jones*, 9 Ind. 470; *Turner* v. *Simpson*, 12 Ind. 413. Such indebtedness may be pleaded to an action on a guardian's bond. *The State, ex rel. Druliner,* v. *Clark,* 16 Ind. 97. Such is the rule under the New York code, which is similar to ours in this respect. *Newell* v. *Salmons,* 22 Barb. 647. In our opinion, the second paragraph is good, and the court erred in sustaining a demurrer to it.

The third paragraph presents a different question. The defence attempted to be set up in this paragraph is not based upon contract. It proceeds upon the theory that the father and guardian of the relators had the right to use their money for their maintenance, support, and education, and that he did in fact expend the money sued for for such purpose. Conceding, without deciding, that such a defence can be pleaded to an action like the present, we are satisfied that the answer filed is not good. It alleges that the father was

very poor and in indigent circumstances during the time he was such guardian, but this is not sufficient to authorize him to use the money of his wards for their support. There is nothing averred as to the ages, physical condition, or necessities of the relators. The facts should be stated, and not mere conclusions. It may be that the relators were able, by their own labor, to support themselves. Nor is the amount of their estate given. While the father may have been destitute of property, he may have been able by his labor to provide for the proper support, maintenance, and education of the relators. The law upon the question under examination was very fully discussed, and the authorities reviewed and cited, in the case of *The State, ex rel. Druliner*, v. *Clark*, *supra*.

We think the court committed no error in sustaining the demurrer to the third paragraph of the answer.

Other questions are discussed by counsel, but as the case must be remanded for a new trial, we need not decide them.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the second paragraph of the answer.