## MORRISON, ADM'R, v. KRAMER.

DEMURRER.—*Form of.*—*Practice.*—A demurrer to a complaint, assigning as cause "that the plaintiff has no right to maintain this action," is informal, unauthorized and insufficient.

DECEDENTS' ESTATES.—*Claim.*—*Filing of.*—*Practice.*—*Abatement of Action.*— *Appearance.*—*Jurisdiction.*—*Waiver.*—*Case Overruled.*—Where an administrator is sued on a claim against his decedent's estate, and process is served upon him, he may, on special appearance, and on his affidavit showing that such claim has never been filed in the clerk's office and placed on the appearance docket, obtain a dismissal of the action ; but if he enters a full appearance to the action, and demurs to or answers the complaint, he waives the statutory requirements as to filing claims. *Stanford* v. *Stanford,* 42 Ind. 485, overruled on this point.

SAME.—*Demurrer.*—The fact that such claim has not been filed according to the requirements of the statute can not be presented by a demurrer

assigning such reason, where the same does not appear on the face of the complaint.

SAME.—*Action by Surviving Partner.*—*Failure to File Inventory.*—In an action by a surviving partner against the administrator of the estate of the deceased partner, to recover an alleged balance due to the plaintiff on a settlement of partnership matters, a plea in abatement by the defendant, that, though more than sixty days had elapsed from the death of the decedent, the plaintiff, as surviving partner, had failed to file the statement required by the act of March 5th, 1859, 1 R. S. 1876, p. 641, is insufficient.

SAME.—*Counter-Claim.*—*Fraud.*—A paragraph of answer in such action, by way of counter-claim, that, while the decedent was aged and feeble in body and mind, and related to the plaintiff, the latter, through fraud and negligence, so mismanaged the business as to lose large sums of the partnership means, is sufficient.

SAME.—*Answer.*—An answer in such action, that the plaintiff, being experienced in book-keeping and the partnership business, whilst the decedent was inexperienced, aged and feeble, took advantage of the latter, made fraudulent entries, and appropriated of the partnership moneys an amount in excess of the plaintiff's claim, is sufficient.

From the Clinton Circuit Court.

*J. N. Sims, L. McClurg, J. V. Kent* and *Morrison & Morrison,* for appellant.

*A. E. Paige, S. H. Doyal, P. W. Gard, R. P. Davidson* and *J. C. Davidson,* for appellee.

HOWK, J.—The first entry in the record of this cause, in this court, shows the appearance of the appellee, as plaintiff, by his attorneys, in the court below, at its December term, 1873, and the filing of appellee's amended complaint.

The action was brought by the appellee, to recover an alleged balance on settlement of certain partnership accounts between him and the appellant's intestate.

We have no brief of this cause from the appellee, in this court.

We give a summary of appellee's complaint, from the brief of the appellant's counsel, which we have found, by comparison, to be substantially correct, as follows:

The complaint alleges the formation of a partnership between Kramer and Brandon, on the 1st day of Janu-

ary, 1869, for the purpose of owning and operating a planing-mill and wood-working machinery, and owning and dealing in lumber and building material, in the town of Frankfort, to continue during their mutual pleasure; that they were to share equally in the ownership, profits, liabilities and losses; that the plaintiff was, at that time, the owner of a planing-mill, machinery and lumber on hands, which he was operating on his own account, of the value of fourteen thousand dollars, in Frankfort, the legal title of which was then in him; that he then sold one-half of the same to Brandon for seven thousand dollars; that they then began and continued in the business until the 29th day of October, 1870, when they sold the mill, machinery, and lumber then on hand for the sum of nine thousand dollars, the purchase-money being payable, one-third cash, one-third in one year, and one-third in two years; that the deed of conveyance was made to the purchasers by Kramer, and the notes for the deferred purchase-money were taken in his name; that afterward, on the 9th day of January, 1871, by mutual consent, they dissolved their partnership, " and had a settlement of accounts between them, which settlement embraced moneys paid in by each member of the firm, for the use of the firm, moneys received by each member of the firm on firm account or from the firm, and moneys paid out on firm account by each member of the firm; also, seven thousand dollars which was to be paid by said Brandon for the one-half of the establishment, which, in fact, had never been paid; also, the cash payment received by plaintiff on the sale of the mill; also, an amount of lumber, of the value of four thousand dollars, before that time sold by said Brandon to plaintiff: and, upon a consideration and settlement of the matters specified, they found, declared and stated a balance due from the said Brandon to the plaintiff of eight thousand eight hundred and ninety-one dollars and sixty-eight and one-half cents; that there still remained unsettled a large

amount of debts against the firm, and of claims in their favor, for the one-half of the former of which said Brandon was liable, of the one-half of the latter he was the owner; also, there remained the sum of about six thousand dollars of the sale price of said mill uncollected."

That Brandon died in March, 1872, and, between the time of the "settlement" and his death, he collected of claims due the firm eleven hundred and twenty dollars and sixty-six cents, a bill of particulars of which, marked "A," is filed; that, during the partnership, the firm furnished to Brandon lumber and building material and work on a house of his own, of the value of fifteen hundred dollars, which did not enter into said settlement, nor any settlement between them; that since Brandon's death, plaintiff, as surviving partner, has made a full settlement of their business; that, in doing so, he has collected the remaining portion of the purchase-money on the mill, machinery, etc., and other claims, amounting in the aggregate to the sum of seven thousand three hundred and twenty-seven dollars and sixty cents, a bill of particulars of which, marked "B," is filed; that he has paid all remaining liabilities of the firm, amounting to six thousand four hundred and eleven dollars and eighty-two cents, a bill of particulars of which, marked "C," is also filed.

That he has no knowledge or belief of any payments or credits, since said settlements, made on firm account by Brandon, but, if any, asks that an account be taken thereof; that there is no property or credits of any kind remaining belonging to the firm; prays that an account be taken, and that he have judgment against the administrator for nine thousand two hundred dollars, to be paid out of the assets of the estate.

To the appellee's complaint, the appellant demurred on two grounds of objection:

1. That the appellee had no right to maintain the action; and,

2. That said complaint did not state facts sufficient to constitute a cause of action.

This demurrer was overruled by the court below, and to this decision the appellant excepted.

The appellant then answered, in eight paragraphs, the appellee's complaint, in substance, as follows:

The first is a plea in abatement, sworn to, founded upon the provisions of the act of March 5th, 1859. 1 R. S. 1876, p. 641.

It charges that the plaintiff is the sole surviving partner of the alleged firm of Kramer & Brandon; and that, although sixty days had elapsed between the death of Brandon and the commencement of this suit, he has wholly failed to make and file with the clerk a schedule and appraisement of the partnership estate, or to settle the same as required by law, although all the time he had knowledge of large amounts of property and assets belonging to the firm; and, generally, that he has never settled said partnership affairs according to law.

The second paragraph is a special traverse of a part of the allegations of the complaint. It denies the alleged partnership, the purchase by decedent of one-half the planing-mill, and his alleged participation in the sale of the same, the charges against him for materials, work and collections, and, also, the alleged settlement, and the payments alleged to have been made by the plaintiff, and all liabilities whatever on account of the business of the firm, or indebtedness to the plaintiff.

It is averred in the amended third paragraph of the answer, that, at the time of entering into the partnership and sale of one-half the establishment to decedent, and the carrying on of the business and the settlement between plaintiff and decedent, as alleged in the complaint, the latter was aged, illiterate, and infirm in body and mind, and had no knowledge of the value of said prop-

erty, and no knowledge, experience or capacity in and for the carrying on of that class of business, which is at all times most hazardous, and only safe and successful when managed and controlled by men of intelligence, skill and experience in that particular branch of business; that he was also unskilled in keeping books and accounts, and unable to keep his own accounts, or to understand those kept by others; that he was, and had been for many years past, the father-in-law of the plaintiff, and had great and implicit confidence in him, and in his honesty and good faith toward him, decedent, and that he would not at any time, and especially in reference to the business in question, deceive or mislead him, decedent, to his detriment or injury; that the plaintiff was educated and skilled in business and the keeping of books and accounts, had knowledge of the value of such property, and skill, experience and unusual intelligence in the management of that class of business, and that he well knew of the incapacity of decedent, and his great confidence in him; that he, plaintiff, fraudulently intending to take advantage of the decedent and his confidence in him, and to mislead, cheat and defraud him out of a large sum of money, falsely and fraudulently misrepresented the value of said property to decedent, and caused him to believe that one-half the same was then worth the sum of seven thousand dollars, when the whole of said property was not worth more than that sum, which the plaintiff then and there well knew; and for the more effectually getting and holding decedent in his power, and so defrauding him, he falsely and fraudulently represented to him, that a verbal sale of one-half of said property (which consisted of real estate) to decedent, without a deed of conveyance, would be valid, he, plaintiff, at the time holding, and intending to hold, the title in his own name, for his own advantage, and also represented to decedent, that, if he would agree to purchase one-half of said property and enter into partnership with him, and assist in the carrying

on of said business with decedent's labor and capital, they both could, and would, make large profits; that, in consequence of decedent's ignorance and imbecility, and confidence in plaintiff, he was induced by those representations to accept the proposals of the plaintiff, and verbally agreed to enter into the partnership and purchase one-half of the property for seven thousand dollars; that plaintiff never gave to decedent any deed or other written evidence of his said purchase, but falsely and fraudulently, then and there, and until he sold the same, as stated in the complaint, held the title in himself for his own advantage; that by such fraudulent appliances, and by holding counsels with decedent from time to time about the business, he induced decedent to allow his name to go out to the world as a partner, and induced him to contribute his labor and divers large sums of his own money to the business; that, in the mean time, the plaintiff kept all the books and accounts, and transacted all the financial and clerical business of the concern, and contracted divers large debts in the name of the firm, the proceeds of which, amounting to five thousand dollars, he fraudulently appropriated to his own use, and at the same time took of the earnings and stock of said mill, amounting to the further sum of two thousand dollars, and fraudulently appropriated the same to his own use and the payment of his individual debts; all of which he at all times, and at the time of the alleged settlement and the stating of said alleged balance, fraudulently concealed and withheld from the decedent; and said alleged partial settlement and account stated were thus fraudulently procured by plaintiff by thus deceiving and abusing the confidence of the decedent, and not otherwise; that the alleged sale of said planing-mill property was made solely by plaintiff for his own use, and that he received and appropriated to his own use the entire proceeds of said sale, which he has done, and did, in pursuance of his original design of cheating and defrauding, and by which he did

cheat and defraud, and injure, decedent.. And, therefore, said purchase by decedent of one-half of said property and said settlement were fraudulent and void, and were never binding on decedent, or valid against his estate; and further traverses all other matters in the complaint.

The fourth amended paragraph is in defence of so much of the complaint as charges the estate of the decedent for the sale of one-half the planing-mill property, founded on the statute of frauds, averring that the property consisted of real estate, and that the contract was not in writing nor executed by deed.

The fifth paragraph of the answer was pleaded as a partial defence to the action, and was founded on the 7th section of the statute of frauds. No question is presented to this court on this paragraph of the answer, and therefore we need not notice it further.

The sixth paragraph, for defence to so much of the complaint as charges the alleged settlement, avers, that, before and up to the time of such settlement, the plaintiff had, in divers instances, wrongfully and fraudulently appropriated partnership funds, and set off partnership accounts, in the payment and adjustment of his individual debts, to a large amount, for which he never accounted, but fraudulently concealed the same from the decedent at the time of said settlement, and has ever since concealed the same from the decedent in his lifetime, and, since his death, from the defendant; and said settlement is therefore fraudulent and void.

The seventh paragraph sets up, by way of counterclaim, that the decedent was aged and feeble in body and mind, and that the plaintiff was his son-in-law, and enjoyed his confidence; that plaintiff took upon himself the management of the business; that, through fraud and negligence, he so mismanaged it as to abridge the earnings and injure the business, and that he fraudulently appropriated to his individual use moneys and assets of the

firm to the amount of ten thousand dollars. Wherefore ten thousand dollars damage is claimed.

The eighth paragraph is an answer of set-off, with a bill of particulars.

The appellee demurred to each of the paragraphs of appellant's answer, for the alleged want of sufficient facts therein to constitute a defence to his action; which demurrers were severally sustained as to the first, third, fourth, fifth and seventh paragraphs of said answer, and to each of these decisions the appellant excepted. As to the second, sixth and eighth paragraphs of said answer, the demurrers were overruled, and the appellee replied thereto by general denial, and three special replies to the eighth paragraph, which we need not further notice.

The cause was then tried by the court below, and a finding made in favor of the appellee and against the estate of the appellant's intestate, in the sum of four thousand three hundred and thirty-six dollars and thirty-four cents, and an allowance entered accordingly.

The appellant's written motion for a new trial was overruled by the court below, and an exception reserved to such decision. And the appellant then moved the court below to find specially, that the appellee's claim grew out of his partnership with the appellant's decedent, and to authorize him, as administrator, to pay the individual debts of his decedent, and the expenses of administration, out of his estate, before making any payment on appellee's claim, which motion was overruled, and appellant excepted. And the appellant also moved the court below to tax all the costs of this suit against the appellee, on two grounds: 1. Because the suit was commenced more than one year after the administration began; and, 2. Because the appellee's complaint or claim was not sworn to; which motion was overruled, and to this decision the appellant excepted.

In this court, the appellant has assigned as errors all the decisions of the court below adverse to him. We will

separately notice these alleged errors in the order of their assignment, and consider and decide the several questions thereby presented.

1.　The first error assigned is the decision of the court below in overruling appellant's demurrer to appellee's complaint. The first ground of objection to the complaint is thus stated in appellant's demurrer: "That the plaintiff has no right to maintain this action." This is not one of the statutory causes for demurrer, and our code expressly provides, that, for no other cause than those mentioned therein, shall a demurrer be sustained. 2 R. S. 1876, p. 56, sec. 50. Whether it was intended by this cause of demurrer to object to appellee's legal capacity to sue, or to his cause of action, is not apparent, and perhaps is unimportant.

In discussing this demurrer, the appellant's learned attorneys say, that "it is apparent on the face of the complaint, that the court had no jurisdiction of the subject-matter of the action." The subject-matter of this action is a claim against a decedent's estate. By the 4th section of "An act to establish courts of common pleas," etc., approved May 14th, 1852, it was provided, among other things, that "The court of common pleas within and for the county or counties for which it is organized, shall have original and exclusive jurisdiction  *  *  *  *  of all matters relating to the settlement and distribution of decedents' estates, and  *  *  *  *  all actions against executors and administrators." 2 G. & H. 20. By the 79th section of an act, *inter alia*, abolishing courts of common pleas, etc., approved March 6th, 1873, it was provided, among other things, that circuit courts "shall also have the same jurisdiction that has heretofore been exercised by the court of common pleas." 1 R. S. 1876, p. 390. In the face of these legislative enactments, it will not do to say, that the circuit court of the proper county has no jurisdiction of a claim against a decedent's estate, or of a suit against an executor or administrator.

Appellant's counsel, in support of their position, rely entirely upon the case of *Stanford* v. *Stanford*, 42 Ind. 485. The case cited is in point, but the doctrine of that case does not meet with our approval. We have already seen, that jurisdiction of the subject-matter of a claim against a decedent's estate, or of a suit against an executor or administrator, is conferred by statute on the proper circuit court. By the 62d, 65th, 66th and 68th sections of an act providing for the settlement of decedents' estates, etc., approved June 17th, 1852, the ordinary mode is prescribed, by which any one asserting a claim against a decedent's estate, if his claim is not admitted by the executor or administrator, can get his claim on the issue docket for trial in the proper circuit court. When the claim is thus docketed, the 68th section of said act makes it the duty of the executor or administrator to " attend and make all necessary defence" against such claim. The manifest intent and purpose of these sections were to save the estate of the decedent unnecessary costs and expenses, and to give the executor or administrator time and opportunity to investigate the validity of the claims filed,—if right, to admit them without the costs of process or trial; if wrong, to prepare his defence against them. In our opinion, every executor or administrator has the right to insist, that any claim against his decedent's estate shall only be brought before the court for trial in the mode prescribed in the aforesaid sections of the decedents' act. But, while this is his right, surely he may waive it by his voluntary appearance to the claim. If he is sued on the claim, and process is served on him, he may, on special appearance and his motion founded on affidavit, showing that the claim sued on had never been filed in the clerk's office and placed upon the appearance docket as by law required, obtain the dismissal of the action. If, however, he appears fully to the action and demurs to or answers the claim or complaint, we think he thereby waives, as he has a perfect right to do, any objection to the claim on

the ground that it was not filed in the clerk's office, nor placed on the appearance docket, as contemplated by said 66th section of said decedents' act.

A demurrer to the claim, assigning as ground of objection thereto, that no such claim had been filed for allowance in the proper office, or placed on the appearance docket, and transferred therefrom to the issue docket for trial, as showing that the court had no jurisdiction of the subject of the action, or of the person of the executor or administrator, would not be available to him to defeat the action, for the reason that these matters do not appear upon the face of the claim or complaint, and do not, in our opinion, constitute a good cause of demurrer.

The case of *Stanford* v. *Stanford, supra,* is therefore overruled, in so far as it is in conflict with this opinion.

The other ground of objection in the demurrer to the complaint was the want of sufficient facts therein to constitute a cause of action, It seems to us, from a careful examination of the complaint, that a demurrer on this ground would not reach the supposed defects therein, if they exist; but that a motion to make the complaint more specific, or for a bill of particulars, would have been the proper remedy.

In our opinion, no error was committed by the court below, in overruling the demurrer to the complaint.

2. The second alleged error calls in question the decision of the court below in sustaining appellee's demurrer to the first paragraph of the appellant's answer.

This paragraph of answer, as we have seen, is called a plea in abatement, and was sworn to. It was founded upon the provisions of an act entitled "An act to require surviving partners to file inventories and appraisements in the office of the clerk of the court of common pleas, and to report the liabilities of the firm," approved March 5th, 1859, *supra.* This act, as its title indicates, in case of the death of one partner, made it the duty of the surviv-

ing partner or partners, within sixty days after such death, to make a full, true and complete inventory of all the property, of every kind, of said partnership, and to cause the same to be appraised by two competent persons, and file the same in the clerk's office, with the affidavit of the surviving partner or partners, that such inventory contained a full, true and complete list of such partnership property, and also a full, true and complete list of all the liabilities of said firm, verified as to its correctness by the affidavit of the surviving partner or partners.

It was alleged in this first paragraph of answer, that more than sixty days had elapsed since the death of appellant's intestate, and that, although the appellee was sole surviving partner, he had wholly failed to comply with any of the provisions of said act.

In our opinion, the appellee's demurrer to this paragraph was properly sustained.

There is no penalty prescribed in the act for any failure to comply with its provisions. Nor does the act contemplate or provide for any suspension of a cause of action, in favor of the surviving partner or partners and against the estate of the deceased partner, until its provisions are complied with.

3.   The third error complained of by appellant is the sustaining by the court below of appellee's demurrer to the seventh paragraph of the answer. We have already set out the substance of this paragraph. It was pleaded by way of counter-claim.

It admitted the partnership between the appellant's intestate and the appellee, and the dissolution of such partnership by the death of said intestate. It stated clearly and explicitly the duties assumed by the appellee under the contract of partnership, and alleged his fraudulent violation of these duties, to the appellant's damage, as administrator, in the sum of ten thousand dollars.

If the matters alleged in this paragraph are not suffi-

cient to constitute a good counter-claim, it would be very difficult to frame one.

A contract of partnership does not differ from any other contract in this respect, that if either party violates the stipulations on his part to be performed, he must be held liable to the other party for such damages as the latter may sustain.

We have no brief from the appellee, and we are at a loss to understand upon what grounds his demurrer to this paragraph was sustained. In our opinion, the court below erred in sustaining this demurrer.

4. The fourth error assigned by the appellant is the decision of the court below in sustaining appellee's demurrer to the amended third paragraph of answer. We have already given a very full statement of this paragraph, and we need not repeat it.

There is much matter in this paragraph which ought to, and probably would, have been struck out on motion, but, as it reads, it was a dangerous pleading to demur to. Its sweeping charges of the fraudulent appropriation by the appellee, to his own purposes, of the assets of the firm to an amount in excess of the appellee's claim, could only be met properly by the denial of the appellee.

In our opinion, the court below erred in sustaining the demurrer to this paragraph of answer.

5. The fifth alleged error calls in question the sufficiency of the facts stated in the amended fourth paragraph of answer to constitute a defence to this cause of action.

The substance of this paragraph has already been given. Without repeating its statements, we may remark, that it was limited expressly to a part, only, of the complaint, and that, in our opinion, it did not state facts sufficient to constitute even a partial defence to the action.

The demurrer to this paragraph was properly sustained.

The conclusions we have reached in regard to the pleadings in this cause render it unnecessary for us to

consider now the questions presented by the alleged error of the court below in overruling the appellant's motion for a new trial. These questions may not arise on another trial of the cause.

The other motions of the appellant, which were over- . ruled by the court below, were not made parts of the record by proper bills of exception.

The judgment of the court below is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrers to the amended third and the seventh paragraphs of answer, and for further proceedings.

NOTE.—The appellee having died since the submission of this cause, the judgment of this court herein is rendered as of the November term, 1875, at which term this cause was submitted.