MILAM, EXECUTOR, *v.* MILAM.

DECEDENTS' ESTATES.—*Claim Against Deceased Principal and Surviving Surety.*
—*Parties.*—The holder of a joint claim against a principal and surety

may, on the death of the principal, proceed separately against the principal's estate, or jointly against such estate and surety.

SAME.—*Action on Lost Instrument.*— *Witness.*—*Testimony by Plaintiff.*—*Common Law.*—In an action against the estate of a deceased debtor, on a lost promissory note, after evidence by others had been given of the existence of such note and the plaintiff's possession thereof, the court, over the objection of the defendant, permitted the plaintiff to testify that she had lost such instrument out of her own possession.

*Held,* that the action of the court was right; and that the statute of this State did not narrow the common-law rule.

From the Knox Circuit Court.

*S. W. Short,* for appellant.

*G. G. Reily* and *W. C. Johnson,* for appellee.

PERKINS, J.—Martha A. Milam filed in the clerk's office of Knox county, Indiana, a claim against the executor of the estate of William S. Milam, deceased, for an amount alleged to be due from said estate, under sec. 62, 2 R. S. 1876, p. 512.

The claim was for the amount of a note for two hundred and ninety-two dollars, executed by said William S., as principal, and one Haywood Underwood as surety, dated in March, 1859, drawing interest at the rate of six per cent. after twelve months, etc., which note, it was alleged, was lost. The amount claimed to be due was five hundred and sixty-three dollars. The claim was sworn to by said Martha.

A demurrer was filed to the claim for want of sufficient facts, and because said Underwood was not made a party defendant.

The demurrer was overruled.

The defendant answered in denial, and, in separate paragraphs, payment and set-off.

Issues were formed and tried, and a finding and judgment were entered for the plaintiff.

A motion for a new trial, alleging for causes that the finding was contrary to law and the evidence, and that the court erred in permitting the plaintiff to testify, was overruled.

The errors assigned in this trial are:

1.   That the complaint does not state a cause of action;

2.   Overruling the demurrer to the complaint;

3.   Overruling the motion for a new trial.

Two questions are presented in this cause for our decision:

1.   Could the claim be filed against the estate of the deceased, the principal maker of the note, under section 62 of the statute above referred to, or was it necessary that the plaintiff in the claim should institute a joint suit against the executor of the deceased, and Underwood, the surviving surety on the note?

That such a joint suit might have been instituted, is decided in *Stanford* v. *Stanford*, 42 Ind. 485. But neither that case nor the case of *Braxton* v. *The State*, 25 Ind. 82, decides that the holder of the claim may not file it, under said section 62, against the estate of a deceased joint debtor.

That the plaintiff had her election to proceed. under the section of the statute mentioned, or to institute a joint action, is settled by section 70 of the act for the settlement of decedents' estates, 2 R. S. 1876, p. 518, considered in connection with the cases above cited.

The section is as follows:

" When two or more persons are bound in any joint contract, or in a judgment founded thereon, and either of them shall die, the proportionable part of such contract may be allowed against his estate, except where the relation of principal and surety exists, and in that case, if the decedent be the principal, the whole of such contract shall be allowed against such estate."

2..   The second question is, did the court err in permitting the plaintiff to testify?

The facts were these: The note was alleged to be lost. The plaintiff produced testimony from competent witnesses, tending to prove the existence of a note such as

that described in the claim, and its possession by the plaintiff Martha; and thereupon the court permitted said plaintiff to testify to its loss, and that it was lost by her out of her own possession. The defendant objected and excepted.

The statute provides, that, in such cases as the present, " neither party shall be allowed to testify as a witness unless required by the opposite party or by the court trying the cause." 2 R. S. 1876, p. 133, sec. 2.

The parties are not absolutely disqualified to be witnesses. It is within the power of the court to call and permit them, or either of them, to testify. At common law, it was the general rule, that parties were incompetent as witnesses. But there were exceptions to the general rule, mostly on account of necessity to prevent a failure of justice.

We quote from Greenleaf on Evidence, vol. 1, p. 408, sec 349:

" Upon the same necessity, the party is admitted in divers other cases to prove the facts, which, from their nature, none but a party could be likely to know. But, in such cases, a foundation must first be laid for the party's oath, by proving the other facts of the case down to the period to which the party is to speak. As, for example, if a deed or other material instrument of evidence is lost, it must first be proved, as we shall hereafter show, that such a document existed; after which the party's own oath may be received to the fact and circumstances of its loss, provided it was lost out of his own custody."

We think it was not the intention of our statute to narrow the common-law rules as to the admissibility of witnesses to testify. We think, therefore, that, in adopting the general rule of that law as to the admissibility of the particular class of parties named in the quotation we have made from the statute, it adopted it with its exceptions; and the case now before us falls exactly within them.

We think the court did not err in permitting the witness to testify.

The case was not brought by the evidence within the statute of limitations.

The claim showed, with sufficient certainty, that it was filed against the estate.

The judgment is affirmed, with costs.