No. 8517.

CORBALEY, ADM'R, *v.* STATE, EX REL. HOLMES ET AL.

DECEDENTS' ESTATES.—*Claims.*—*Principal and Surety.*—Prior to the statute of 1881 (R. S. 1881, section 2311), an ordinary suit might be brought against a principal debtor, and the administrator of his surety; and if the principal was not served with process, the suit might go on against the administrator alone, unless objection was made by motion before pleading.

GUARDIAN AND WARD.—*Action on Bond.*—*Pleading.*—*Appraisement.*—A complaint on a guardian's real estate bond, to recover for failure to account for the proceeds of the real estate sold, need not show an appraisement of the real estate.

SAME.—*Set-Off.*—*Answer of Surety.*—In such an action, the guardian being the father of the wards, and answer of set-off by the surety, alleging that the wards were indebted to the guardian in a sum named, "for board, clothing and maintenance," is bad on demurrer.

SAME.—An answer in such case by the surety, that, the wards being of tender years and unable to earn support, the guardian, who was their father, being destitute of means to support and educate his children and wards, was compelled to apply thereto the proceeds of said real estate, and now refuses to make claim against them on account thereof, is sufficient.

Corbaley, Adm'r, *v.* State, *ex rel.* Holmes *et al.*

SAME.—*Statute of Limitations.*—An answer, in such case, by a surety, alleging that the cause of action did not accrue within three years next before the commencement of the action, is bad.

From the Marion Circuit Court.

*R. Hill* and *J. W. Nichol,* for appellant.

*H. J. Milligan,* for appellees.

ELLIOTT, C. J.—This action is upon a bond executed by Jonathan L. Holmes, guardian of the relators, in proceedings had upon petition for the sale of their real estate. Pence, the appellant's intestate, was the surety on this bond. The breaches assigned are, failure to render accounts current, failure to pay over or account for the avails of the sale of the real estate of relators, and conversion thereof.

The appellant insists that the court erred in overruling his demurrer to the complaint. The first proposition stated in support of this contention is, that the remedy adopted is not the appropriate one, but that the claim should have been filed against the estate of the decedent. This objection is presented in another form, that of a motion for want of jurisdiction, but the entire question may be disposed of at the outset. The motion to dismiss was not filed until after a demurrer had been interposed and overruled, and an issue joined upon appellant's answer. It is clear that the court had jurisdiction of the subject-matter. The principal was certainly a proper party to the action. It is settled that the administrator of a deceased joint debtor may be sued jointly with the survivor. *McCoy* v. *Payne,* 68 Ind. 327 ; *Milam* v. *Milam,* 60 Ind. 58 ; *Braxton* v. *The State,* 25 Ind. 82 ; *Wright* v. *Jordan,* 71 Ind. 1. The principal obligor was sued with the administrator and this gave the proceeding the character of an ordinary action. *Martin* v. *Asher's Adm'r,* 25 Ind. 237 ; *Owen* v. *State,* 25 Ind. 107.

The motion of appellant came too late to have availed him, even if he had been sued alone. *Morrison* v. *Kramer,* 58 Ind. 38, decides that where an administrator is sued in the

ordinary mode he must object before joining issue. It was there said by Howk, J.: "If, however, he" (the administrator) "appears fully to the action and demurs to or answers the claim or complaint, we think he thereby waives, as he has a perfect right to do, any objection to the claim on the ground that it was not filed in the clerk's office, nor placed on the appearance docket, as contemplated by said 66th section of said decedents' act."

It is proper to observe that, upon one point, *Braxton* v. *The State, supra*, has been overruled by *The State, ex rel.*, v. *Wyant*, 67 Ind. 25, 33, but not on the point upon which it is here cited. The case of *Stanford* v. *Stanford*, 42 Ind. 485, relied upon by the appellant, is expressly overruled in *Morrison* v. *Kramer, supra*. The cases of *Hyatt* v. *Mavity*, 34 Ind. 415, and *Noble* v. *McGinnis*, 55 Ind. 528, can not be regarded as in point, for two reasons, (1) the action is against the administrator of the decedent and another person; (2) the motion in those cases was made before any demurrer or answer was filed. If the motion to dismiss had been made before an issue of law or fact had been tendered or joined, a different question would have been presented.

The objection, that the complaint does not show an appraisement of the land, is entirely destitute of merit. The guardian can not hold money obtained from the sale of his ward's land upon the ground that the proper appraisement was not made. To permit him to do so would be equivalent to rewarding him for a plain and express breach of duty.

We have not lost sight of the fact that process was not served upon the principal in the bond. This we do not regard as depriving the court of jurisdiction. The filing of the complaint invoked the jurisdiction of the court over the subject-matter. If there was any reason why it should not have extended over the person of the appellant, he should have availed himself of it before tendering and joining an issue of fact upon the merits of the action. The principle of *Morri-*

*son* v. *Kramer* goes much beyond what we need to do here to uphold the jurisdiction of the trial court.

The second paragraph of the answer alleges that the relators were indebted to their guardian in the sum of two thousand dollars for their board, clothing and maintenance, which sum appellant offers to set off against a like amount owing upon the claim of the appellees. We think the answer is bad. The general rule is, that it is the duty of a father to support his children. There is no fact stated in the answer under mention, which takes the case out of the operation of this rule. The party who affirmatively pleads must state facts avoiding the allegations which he confesses. There is nothing in this answer avoiding the facts confessed. It may be true that the father did support and maintain his children, the relators, and yet there be no ground upon which to base a claim for their maintenance and support. *Prima facie,* the father has no right to charge his children for their support and maintenance, and it is for him to show why this *prima facie* case shall not prevail against him. This showing must be made by stating facts, and not by stating mere general conclusions.

The substantive allegations of the third paragraph of answer are these: On the 30th day of January, 1856, Elizabeth Holmes, the wife of Jonathan L. Holmes, and the mother of the relators, died seized of the real estate described in the complaint; that at the time of her death one of the relators was seven years of age, one five years of age, one four years of age, and one three years of age; that, when the real estate was sold, the relators were still very young, and wholly unable to earn their own support; that the father and guardian was very poor, and destitute of the means to support his children, and was unable to labor; that he was compelled to and did apply "to the boarding, clothing, supporting and educating of his minor children and wards the entire sum which he had realized from the sale of the said real estate." It is also alleged that the guardian refuses to make any claim for the

support of his said wards, but wrongfully allows them to compel payment of money which has been expended for their maintenance.

The answer, in all material respects, is within the principle deducible from the decision in *Myers* v. *The State, ex rel.*, 45 Ind. 160. Following that case, it must be held good. Unless we overrule the doctrine of that case, we must hold the answer before us sufficient. The case is cited, with approval, in *Glidewell* v. *Snyder*, 72 Ind. 528. We do not feel warranted in overruling the case referred to, and are, therefore, constrained to hold that the court erred in sustaining appellees' demurrer to the third paragraph of the answer.

The appellant filed the following answer : "Said defendant, for further and separate answer to the claim of the relator John Holmes, says that the alleged cause of action, set forth in the complaint of said relator, did not accrue within three years next preceding the commencement of this action."

The case of *The State* v. *Hughes*, 15 Ind. 104, relied on by the appellant, is not in point. That case decides that actions upon the bond of a guardian must be brought within three years after final settlement. In the present case, there has been no such settlement. Where there has been no report and no settlement, the plea of the three years statute is unavailing.

Judgment reversed.

## On Petition for a Rehearing.

Elliott, C. J.—In the former opinion, we treated this case as within the rule in *Myers* v. *The State, ex rel.*, 45 Ind. 160, and, notwithstanding appellees' elaborate argument, we have seen no reason to change our minds. We are satisfied that the principle there approved is a sound one. If children possess an estate, their father and guardian none, and both children and father are unable to work, the estate of the former may justly be applied to their education and maintenance. It is better that their estate should be used for their education and sup-

port than that they should lack the ordinary comforts of life, or grow up without the important benefit of an education.

The proper way, undoubtedly, is for a guardian to apply to the court for an order directing the use of the money of the ward for his education and maintenance. We are not willing, however, to hold that, because he does not make such an application, he can not, when sued upon his bond, show in defence a just and reasonable application of the money of his ward to that purpose. We think the case of *The State, ex rel.*, v. *Clark*, 16 Ind. 97, cited in *Myers* v. *The State, ex rel.*, settles, and rightly settles, the principle that, although no allowance has been made for money so expended, the guardian may, in defence to an action on the bond, avail himself of such expenditures. The case of *Haase* v. *Roehrscheid*, 6 Ind. 66, establishes the rule that even a father will be allowed for the education of the child, if he is unable to himself educate it.

In cases where no allowance has been made, the burden is upon the guardian to show the inability of the father to support and educate the child, and the inability of the child to earn its own support, as well as the honest and reasonable use of money for that purpose.

Petition overruled.