Marquess *v.* La Baw.

---

No. 9411.

## MARQUESS *v.* LA BAW.

GUARDIAN AND WARD. — *Maintenance of Ward.* — *Management of Ward's Estate.*—A complaint to set aside a guardian's current and final reports alleged that the ward resided with the guardian as a member of his family and labored for him to the value of $10 per month, all of which the guardian in his reports concealed from the court, and charged the ward $566 for his board ; that the guardian received sums of money specified, of the ward's estate, which could have been loaned at 10 per cent., some of which he mingled with his own and loaned, but gave the ward no credit for interest.

*Held*, that the complaint was good on demurrer.

SAME.— *Ward.--Member of Guardian's Family.*—It is a general rule, subject to exceptions, that a guardian who makes his ward a member of his family, and receives the ward's labor as such, can not charge for his board.

SAME.—A guardian must use reasonable prudence and ordinary diligence in managing his ward's estate, and is liable for such loss as results from a failure to do so.

PRACTICE. — *Pleading. — Uncertainty.* — Uncertainty in a pleading is not reached by demurrer, but by motion.

SAME.—*Set-Off.*—Set-off can not be pleaded to a complaint to set aside a guardian's report.

SUPREME COURT.—*Judgment.*—When no objection is made below to the form of the judgment, none can be made in the Supreme Court.

From the Fountain Circuit Court.

*M. Milford* and *H. H. Stilwell,* for appellant.

*H. H. Dochterman,* for appellee.

ELLIOTT, J.—The appellee instituted this proceeding to set aside current and final reports made by appellant as his guardian.

As grounds for the relief sought the complaint alleges that the appellant charged the appellee for board the sum of $566 although he, the appellee, was then living with the former as a member of his family and was so regarded and treated; that the appellee was capable of earning money by labor; that he did labor for the appellant at his request, and that the labor performed for him was of the reasonable value of ten dollars per month; that in his reports the guardian concealed from the court the fact that the ward was living with him as a member of his family, and that he had labored for him. It is further charged that the guardian received divers sums of money (the dates and amounts are fully stated); that he could have loaned the money at ten per centum interest; that he did, in fact, mix some of the ward's money with his own, lend it and neglect to account for the interest received.

A complaint is sufficient if it contain facts constituting a cause of action and entitling the plaintiff to some relief, although some of the facts stated may not be sufficient in

themselves, and the entire relief prayed may not be proper. In other words if a complaint is good in part and is sufficient to entitle the plaintiff to some relief, it will repel a demurrer. *Teal* v. *Spangler*, 72 Ind. 380; *Bayless* v. *Glenn*, 72 Ind. 5. If it were conceded that some parts of a complaint are insufficient it will not avail an appellant if facts enough can be extracted from it to entitle the appellee to some relief.

We have no doubt as to the sufficiency of the complaint before us. If, as the appellee affirms and the demurrer concedes, the ward was a member of his guardian's family and was so received and treated, the latter had no right to charge him for board. The general rule is that a guardian can not exact money for the board of a ward whom he makes one of his family. *Myers* v. *State, ex rel.*, 45 Ind. 160; *State, ex rel.*, v. *Clark*, 16 Ind. 97. The general rule is as we have stated, but like most general rules there are exceptions. Where the guardian has no estate and is unable to maintain his ward, and the latter is possessed of an adequate estate and unable to earn his own support, then the guardian may charge for his support. *Corbaley* v. *State, ex rel. Holmes*, 81 Ind. 62. The present, as the complaint affirmatively shows, is not such a case. It is very fully shown that the guardian was possessed of a large estate, the ward of a very small one, and that he was capable of earning his own support by his labor. Where the ward is received as a member of the guardian's family, there is no implied obligation to pay for board furnished, and on the other hand no obligation to pay for services rendered. *Clark* v. *Casler*, 1 Ind. 243; *Resor* v. *Johnson*, 1 Ind. 100; *Webster* v. *Wadsworth*, 44 Ind. 283; *Brown* v. *Yaryan*, 74 Ind. 305. Within that rule this case falls.

It is the duty of a guardian to keep his ward employed, when he is of suitable age and capacity, in order that he may earn his support and not exhaust his estate in his maintenance. *Brown* v. *Yaryan, supra; Clark* v. *Clark*, 8 Paige, 152 (35 Am. Dec. 676).

It was certainly a gross breach of duty in the appellant to

appropriate the services of his ward and still hold him accountable for board furnished. In reporting himself entitled to compensation, and concealing the fact that his ward was not only capable of supporting himself, but was in fact rendering services of great value, the guardian committed a wrong which fully justified the ward in invoking the assistance of the court.

In managing the estate of his ward, a guardian is required to exercise reasonable prudence and ordinary diligence. For a negligent failure, he is responsible to the extent of the loss which results to the estate of his ward. It was said in *State, ex rel.*, v. *Womack*, 72 N. C. 397, that "a guardian is liable not only for what he does receive, but for what he ought to receive;" and this doctrine is approved in *Bescher* v. *State, ex rel.*, 63 Ind. 302. It is said by a respectable writer, that a guardian is bound to "exercise the same prudence and foresight which a good business man would use in the management of his own fortunes, though under more guarded restraints." Schouler Domes. Rel. 461. If, as the appellant's demurrer concedes, he could have loaned the ward's money in his hands at ten per centum, and did not, he ought to make proper reparation; or, if he himself used the ward's money, which could have been safely invested by the use of reasonable diligence, he should account for a just rate of interest. The case is still stronger if we treat the allegations of the complaint as charging that appellant did mix the ward's money with his own, and put it out at interest.

It is objected that the allegations of the complaint are indefinite and uncertain. Granting that there is some uncertainty, it will not profit the appellant, for his remedy was by motion and not by demurrer.

The court below did not err in sustaining the demurrer to the appellant's plea of set-off. A set-off is not a defence to a proceeding to set aside a report made by a guardian.

The evidence is not in the record, nor is there any special finding of facts, and we can not ascertain whether the finding

was contrary to law.    There is nothing upon which to base a claim that the court did not decide according to law.    In the absence of the evidence, it can not be determined whether the court did or did not err in applying the law to the facts. *Bosseker* v. *Cramer*, 18 Ind. 44 ; *Robinson, etc., Works* v. *Chandler*, 56 Ind. 575.    It is incumbent upon a party who alleges error in the proceedings of the trial court, to present such a record as affirmatively shows its existence.    In the absence of such a showing, all reasonable presumptions will be indulged in favor of the judgment appealed from.

No objection was made to the form of the judgment in the court below, and none can be successfully urged here.    *Bayless* v. *Glenn, supra ; Floore* v. *Steigelmayer*, 76 Ind. 479 ; *Adams* v. *LaRose*, 75 Ind. 471.

Judgment affirmed.