## MOORE v. THE STATE.

LIQUOR LAW.—*Sale to Minor in Good Faith.*—*Representations of Minor as to his Age.*—*Instruction Assuming Fact not Proved.*—On the trial of a defendant indicted for selling intoxicating liquor to a minor, wherein the de-

fence was that the sale alleged had been made by the defendant in good faith, upon the strength, and in the honest belief of the truth, of representations proved to have been made to the defendant, by the minor and others, at and before the time the sale was made, that such minor was an adult, it was error in the court, in its instructions to the jury, in the absence of evidence to that effect, to charge them that, if such representations were made after the sale charged, they could not be considered by them.

From the Henry Circuit Court.

*D. W. Chambers* and —— *Barnard*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

WORDEN, C. J.—This was an indictment against the appellant, for selling intoxicating liquor to George Brown, a minor.

Trial by jury, and conviction.

The principal question controverted in the cause was whether the appellant acted in good faith in selling the liquor to Brown, believing him to be an adult.

The court gave to the jury the following, among other, charges, viz.:

" 3. If the defendant sold the intoxicating liquor, as charged, to George Brown, who was in fact then under twenty-one years of age, but if the defendant, when he so made such sale, believed that said George Brown was twenty-one years of age, and acting in good faith upon such belief, and in the exercise of reasonable caution, made the sale, he must be acquitted." So much of the charge was given at the instance of the defendant, but the court appended thereto the following: " Testimony has been given concerning statements said to have been made by George Brown to the defendant, concerning his age. It is for the jury to determine, from all the evidence, whether or not such statements were in fact made; and, if made, whether or not they were made at the time, or before or after the sale testified to by the prosecuting witness. If they were made afterward, then they can not be considered for the purpose of showing good faith

or diligence on the part of the defendant, for the plain reason that he could not have made the sale upon the faith of representations made after the sale."

The matter thus added by the court was, doubtless, logically correct, and legally so, if applicable to the case made by the evidence. It assumes that there was evidence tending to show, or from which it might be inferred, that some or all of the supposed statements made by Brown to the defendant, as to his age, if they were made at all, were made after the sale of the liquor for which the defendant was on trial. We have examined the evidence carefully, and find nothing in it which justifies such assumption. There is no evidence in the record that in any way tends to show, that any of the statements made by Brown to the defendant, as to his age, were made after the sale of the liquor in question. On the contrary, the evidence affirmatively shows, that all such statements, attempted to be proved, were made at or before that time. George Brown testified as a witness, and fixed the time at which he bought the liquor in question, as in October, 1878. Brown, it may be remarked, was twenty years old in the June previous.

James Smith testified, that he was acquainted with George Brown, and had seen him in the defendant's saloon; that Brown called for a drink, and the defendant asked him if he was of age, and he replied that he was. The defendant then asked the witness if Brown was twenty-one, and the witness said he thought he was; that he was big enough. Brown said that he was willing to swear that he was of age. This was between the first and the middle of September.

John Sweigart testified, that he "heard George Brown make representations, about billiard saloon, as to his age. It was in September. Mr. Moore said, 'George, are you twenty-one?' He said, 'I am.'"

The evidence was not varied upon cross-examination.

This is all the evidence there was of statements made by Brown to the defendant as to his age; and, if made, they were clearly made before the sale of the liquor in question.

The charge, therefore, was inapplicable to the case made by the evidence, and should not have been given.

Upon the authority of the case of *McMahon* v. *Flanders*, 64 Ind. 334, and the cases therein cited, and for the reasons therein given, we must hold that the portion of the charge thus added by the court was erroneous, as applied to the case made by the evidence.

The judgment below is reversed, and the cause remanded for a new trial.