The State, *ex rel.* Dunham, *v.* Roche, Administrator, *et al.*

No. 10,741.

THE STATE, EX REL. DUNHAM, *v.* ROCHE, ADMINISTRATOR, ET AL.

GUARDIAN AND WARD.— *Compensation for Education of Ward.*—*Judgment.*— A guardian has no claim to credit against his ward's estate for money expended for board and education, unless it appears that there was no parent of the ward able or willing to provide therefor, and that the ward's estate justified the expenditure; and an answer to an action on the guardian's bond, claiming credit for such expenditures, which fails to aver such facts, although a judgment by confession had been taken for such a claim against the guardian, is insufficient.

PRACTICE.— *Cost Bond.*— Non-resident relators, for whose use suit is brought, may be compelled to give security for costs.

From the Huntington Circuit Court.

*W. H. Trammel* and *T. L. Lucas,* for appellant.

*S. E. Sinclair* and *H. C. Hanna,* for appellees.

HAMMOND, J.—Action by the State of Indiana, on the relation of Cynthia E. Dunham, against the administrator of Elam A. Mahon, deceased, Samuel T. Morgan and Thomas B. Hedekin. The suit is upon a bond alleged to have been executed by Mahon, as guardian of the relatrix, and by Morgan and Hedekin, as sureties, in proceedings had upon petition for the sale of the relatrix's real estate. The complaint charges that the guardian, under the proper order of court, sold the real estate for $900, and converted the money derived therefrom to his own use.

Upon the issues made there was a trial by jury resulting in a verdict for the appellees, and over the appellant's motion for a new trial, judgment was rendered on the verdict.

The appellant's demurrer, alleging that the facts stated were not sufficient to constitute a defence to the appellant's complaint, was overruled to the second paragraph of Hedekin's answer. The ruling was excepted to by the appellant, and is assigned as error in this court.

The following is a copy of the pleading complained of:

" For a second and further answer to plaintiff's complaint, the defendant Thomas B. Hedekin says that Elam A. Mahon, deccased, filed his report as guardian of said relatrix on the 10th day of February, 1872, showing a balance in his hands of $178.41 belonging to his ward; that it was the last report he filed before his death, and that it was approved by the Honorable Judge of the Huntington Circuit Court; that from the time of the filing of the said last report to the time of his death there came into his hands the additional sum realized as the proceeds of the sale of the real estate of his ward, described in plaintiff's complaint.

" That Elam A., as the guardian of said relatrix, was indebted to Ruth Bryan for the tuition and board of his said ward; that on the 28th day of December, 1872, said Ruth Bryan filed her complaint in said Huntington Circuit Court, in which she demanded $1,000 from said Elam A. Mahon, for the tuition and board of Lillie Mahon, whose proper name was Cynthia E. Dunham, and the same person as the relatrix; that the same was due said Ruth Bryan from the estate of said ward, but there being no money in said Elam A.'s hands belonging to said ward at the time, he, the said Elam A., on the 10th day of June, 1873, confessed a judgment against himself in favor of said Ruth Bryan for $1,068, which judgment was assigned by said Ruth Bryan to Samuel R. Alden for a valuable consideration before the bringing of this action; that the same remained in full force up to the time of his death, and became a lien upon his estate, which was ample to pay said judgment; that after his death Thomas Roche, his administrator, paid on said judgment, on the 6th day of August, 1877, the sum of $200, and on the 3d day of May, 1879, the further sum of $400; that on the 26th day of July, 1878, said administrator paid to Samuel Morgan, who was then the guardian of said relatrix, the sum of $35, and on the 26th day of April, 1879, the further sum of $275; that said several sums of money paid for the benefit of said relatrix by said administrator, and said judgment confessed by said Elam

A. Mahon, deceased, for the benefit of said ward, amount to more than the money in his hands belonging to his said ward, including the amount realized from the sale of the real estate by said Elam, described in plaintiff's complaint.   Wherefore he demands judgment for his costs in this action."

Section 6 of the guardians' act (section 2518, R. S. 1881) reads :

" Every guardian so appointed shall have the custody and tuition of such minor, and the management of such minor's estate during minority, unless sooner removed or discharged from such trust:   *Provided,* That the father of such minor (or if there be no father, the mother, if suitable persons respectively) shall have the custody of the person and the control of the education of such minor."

The sixth clause of section 9 of the same act, section 2521, R. S. 1881, provides that " When any ward has no father or mother, or such father or mother is unable or fails to educate such ward, it shall be the duty of his guardian to provide for him such education as the amount of his estate may justify."

" In all cases of delinquency and neglect, the courts will presume in favor of the ward and against the guardian, as strongly as the facts will warrant."   *Jennings* v. *Kee,* 5 Ind. 257.   A guardian can not make any contract with his ward except for necessaries for the ward, that the latter may not repudiate when he arrives at age.   In a suit upon a guardian's bond for money not accounted for, neither he nor his sureties can be relieved from liability unless it is shown that the money has been applied strictly in compliance with the law.   *Myers* v. *State, ex rel.,* 45 Ind. 160 ;   *Corbaley* v. *State, ex rel.,* 81 Ind. 62.

We think that the second paragraph of Hedekin's answer was not sufficient, and that the demurrer thereto should have been sustained.   There is no averment that the relatrix had no father or mother at the time the guardian provided board and tuition for her ; nor that they were unable or unwilling to furnish her such board and tuition ; nor are facts stated

showing that the ward's estate justified the expenditure charged for. As bearing more or less upon these questions, the following authorities, in addition to those above, are cited: *State* v. *Clark,* 16 Ind. 97; *State, ex rel.,* v. *Sanders,* 62 Ind. 562; *Yost* v. *State, ex rel.,* 80 Ind. 350; *Glidewell* v. *Snyder,* 72 Ind. 528; *Brown* v. *Yaryan,* 74 Ind. 305; *Marquess* v. *LaBaw,* 82 Ind. 550; 1 Bl. Com. 462; Reeve Dom. Rel. 324.

It is complained that the court required the relatrix to give surety for costs on account of her non-residence. There was no error in this. Relators, for whose use an action is brought, are liable for costs. Section 593, R. S. 1881. A non-resident plaintiff is required to file a cost bond. Section 589, R. S. 1881. This should be held to apply to a non-resident relator for whose use an action is brought. He is beyond the reach of a fee bill or an execution issued in this State; and the reason for requiring him to give security for costs for actions commenced by him in this State has as much force against him as other non-residents bringing suits in our courts.

Other alleged errors are complained of, but as they are not likely to occur in another trial, they need not be considered.

Judgment reversed, at the appellee's costs, with instructions to the court below to sustain the demurrer to the second paragraph of Hedekin's answer and for further proceedings in accordance with this opinion.

