Filed Oct. 14, 1891.

---

No. 298.

## CHAMNESS v. COX.

SERVICES.—*Payment of.*—*Request for.*—*What Law Implies.*—*Presumption May be Overcome.*—*Evidence.*—Where one is employed in the service of another for any period of time, the law implies a promise to pay. And where one accepts and retains the beneficial results of another's services, the law will imply a previous request for the services, and a promise to pay for them. The presumption, however, that the services sued for were rendered under an implied promise that they should be paid for, may be

rebutted by evidence that the relation between the parties was such as to exclude the inference that they were dealing on the footing of contract.

From the Grant Circuit Court.

*C. L. Henry* and *E. E. Hendee*, for appellant.

*W. H. Carroll, G. D. Dean*, and *E. F. Daily*, for appellee.

NEW, C. J.—This cause was tried in the Grant Circuit Court, upon a change of venue from the circuit court of Madison county.

The complaint is in two paragraphs. The first paragraph is to recover $2,400 for work and labor alleged to have been performed by the appellee for the appellant, at his request, beginning in the year 1881, and ending in the year 1888, at $300 per year. The second paragraph of the complaint is the same as the first, with the addition of one year's work and labor; also, fifteen hogs at $10 per head, and one cow at $25.

The appellant answered in three paragraphs: the general denial, payment, and that the work and labor sued for was done while the appellee was living as a member of the appellant's family, and, by mutual understanding and agreement, was paid and satisfied by the appellant furnishing the appellee with board, clothing, and other property desired by her.

To this answer the appellee replied the general denial.

The issues were tried by a jury, with a finding and judgment for the appellee in the sum of $300.

The appellant has assigned several errors, but his counsel discuss only the overruling of the motion for a new trial.

Of the grounds named for a new trial, the only one urged and relied on here is that the damages assessed are excessive.

The contention of counsel for appellant, as we understand them, is that, with the exception, perhaps, of some portion of the appellee's demand as to the personal property named

in the second paragraph of the complaint, the appellee is not entitled to recover anything.

In other words, that, as alleged in the third paragraph of the answer, the work and labor sued for was done while the appellee was living as a member of the appellant's family, and, by mutual understanding and agreement, was paid and satisfied by the appellant furnishing the appellee with board, and with clothing, and other property.

Upon the trial there was evidence tending to show that the appellee, at the request of the appellant, did housekeeping, and other work for the appellant, from January, 1881, to January, 1889, with the exception of about three months during that period. The appellee testified that her services were worth as much as $2.50 per week over her board, or other benefits she may have received.

It is not shown by the evidence that any definite or certain compensation was asked by the appellee for her services, or that any was promised by the appellant. But the law is well settled, that, where one is employed in the service of another, for any period of time, the law implies a promise to pay; and, where one accepts and retains the beneficial results of another's services, the law will imply a previous request for the services, and a promise to pay for them. *Moreland Township* v. *Davidson Township,* 71 Pa. St. 371 ; *Perry* v. *Bailey,* 12 Kan. 539 ; *Ford* v. *Ward,* 26 Ark. 360. Many other cases could be cited.

The presumption, however, that the services sued for were rendered under an implied promise that they should be paid for, may be rebutted by evidence that the relation between the parties was such as to exclude the inference that they were dealing on the footing of contract.

If the services sued for by the appellee were rendered while living as one of the appellant's family, and were paid for and satisfied in the manner alleged in the third paragraph of the answer, the burden was upon the appellant to establish that fact.

There was a sharp conflict in the testimony, in some material respects, but it was for the jury to determine, from the evidence, guided by proper instructions from the court, what their verdict should be.

If the testimony of the appellee is to be credited the damages assessed by the jury do not seem to be excessive.

The judgment is affirmed, with costs.

Filed Oct. 14, 1891.