Estate of Reeves v. Moore.

Filed April 26, 1892.

---

No. 473.

### ESTATE OF REEVES v. MOORE.

SERVICES.—*Member of Family Can Not Recover For.*—One who becomes a member of another's family and lives with him as such member, can not, without a special contract, recover for his services rendered as a member thereof.

SAME.—*Quantum Valebat.*—*Accepting Services, Implied Promise to Pay.*—Where one is employed in the service of another the law implies a promise to pay, and where a person accepts and retains the beneficial results of another's services, the law implies a previous request, and a promise to pay for them.

From the Hancock Circuit Court.

*E. Marsh* and *W. W. Cook*, for appellant.

*J. J. Blackford, H. Warrum* and *T. S. Rollins*, for appellee.

NEW, J.—Emma L. Moore, the appellee, filed a claim against the estate of Benjamin Reeves, deceased, to recover $728 for work and labor alleged to have been performed for the decedent, at his request, beginning in the year 1882 and ending in the year 1889.

There were no other pleadings.

The cause was by agreement of the parties submitted to a jury for trial. The jury returned a general verdict for the appellee for $150, as, also, answers to interrogatories submitted by the court at the request of the parties.

A motion by the appellant for judgment on the answers to the interrogatories, notwithstanding the general verdict, was overruled, and exception taken. A motion by the appellant for a new trial was also overruled, and exception saved.

Judgment was rendered for the appellee for the amount named in the general verdict.

The appellant has assigned as error that the complaint does not state facts sufficient to constitute a cause of action, that the court erred in overruling the appellant's motion for judgment on the answers by the jury to the interrogatories, and in overruling the appellant's motion for a new trial.

The first assignment of error is waived, because not discussed.

We can not say that the court erred in overruling the appellant's motion for judgment on the answers of the jury to the interrogatories.

The answers to interrogatories override the general verdict only when both can not stand together, the antagonism being such, upon the face of the record, as is beyond possibility of removal, by any evidence admissible under the issues in the cause. *Lockwood* v. *Rose*, 125 Ind. 588 ; *Weller* v. *Bectell*, 2 Ind. App. 228 ; *Gaar, Scott & Co.* v. *Rose*, 3 Ind. App. 269.

One of the grounds assigned for a new trial is, that the verdict of the jury is not sustained by sufficient evidence.

In our opinion the appellant is entitled to a new trial upon this ground.

Any benefit, of a sort commonly the subject of a pecuniary compensation, which one, not intending it as a gift, confers on another who accepts it, is, although there be no agreement in fact, an adequate foundation for the law's im-

plied or created promise to render back its value. Where one is employed in the service of another the law implies a promise to pay, and where one accepts and retains the beneficial results of another's services, the law will imply a previous request for the services, and a promise to pay for them. *Chamness* v. *Cox*, 2 Ind. App. 485; *James* v. *Gillen*, 3 Ind. App. 472; *Moreland Tp.* v. *Davidson Tp.*, 71 Pa. St. 371; *Perry* v. *Bailey*, 12 Kan. 539; *Ford* v. *Ward*, 26 Ark. 360; Bishop Contracts, section 217.

The presumption of which we have spoken, however, may be removed by evidence that the relations between the parties were such as to exclude the inference that they were dealing on the footing of contract. *Chamness* v. *Cox, supra*; *Webster* v. *Wadsworth*, 44 Ind. 283; *Hays* v. *McConnell*, 42 Ind. 285. See, also, *State, ex rel.*, v. *Clark*, 16 Ind. 97; *Marquess* v. *La Baw*, 82 Ind. 550; *State, ex rel.*, v. *Roche*, 91 Ind. 406; *Wright* v. *McLarinan*, 92 Ind. 103.

We have closely examined the evidence. It is voluminous, and we shall not attempt to give more than a condensed statement of what it establishes upon the leading and controlling question in the case.

Benjamin Reeves, the decedent, and his wife, were living alone upon a farm of ninety acres. Reeves was an old man in feeble health. He had his third wife, who enjoyed reasonable health. His land possessed a rental value of $3.50 per acre, and he owned personal property of the value of $300. The appellee was an orphan, one of five children, and aged about fourteen years when she went to the decedent's to live. She was under the guardianship of one Benton L. Barrett, who was seeking a home for her. For the purpose of securing her a home he saw the decedent. Barrett testified as a witness, and among other things said: "I was hunting a home for the girl, and the purpose of the conversation was to find a home, what the expenses would be, and he proposed to keep her as one of his family. I told him the home she had been at was very objectionable from

the fact that she had very poor treatment, and that I wanted her to go to school, and that she must go to school, and with that fact he took the girl. I was looking for a home for the girl. He said he would take her as one of his family, and treat her as one of his family. The agreement was that he was to take her as a member of the family."

It was further shown that the appellee was a second cousin of the decedent.

The guardian also testified that nothing was said about wages or board, nor is it established by the evidence how long the appellee was to stay at the decedent's. The evidence clearly shows, without any contradiction whatever, that the appellee was, by the agreement of the guardian and the decedent, received into the family of the latter as a member of it. Alice Redman, a sister of the appellee, and who was called as a witness for her, testified that it was her understanding that the appellee was staying at the decedent's as a member of the family.

The work required of the appellee was such as she might reasonably perform as one of the family. She had clothing which was suitable to the condition in life of the parties. Some of her clothing was purchased by her with pension money in which she had an interest, and some was furnished by the decedent. It is not shown by the evidence that the decedent was at fault in that regard. Some goods for bedding were furnished to her by the decedent when she was making preparations to marry. She received and entertained company at the decedent's with as much freedom as if she were his own child. She was permitted to go and come with young company without unreasonable restraint. There is nothing to show that she was overworked or in any respect treated with harshness or severity. There is reason to believe from the evidence that she was happy and contented there. The evidence shows that she went to the decedent's in May, 1883, and left there in May, 1889, when she married. During that period she attended school over one year,

quitting of her own will, at the close of the winter term of 1885–6.

It is not shown that she, or her guardian, ever asked of the decedent an accounting, or that either of them ever demanded of him pay or reward of any kind for her services. It was after her marriage and after the death of the decedent, so far as can be known from the evidence, that she, for the first time, asserted her present claim.

We think there is an utter failure of proof, and that the court erred in overruling the appellant's motion for a new trial.

The case is strikingly like that of *Brown* v. *Yaryan,* 74 Ind. 305.

The judgment is reversed, with costs.

Filed April 27, 1892.