MARY A. COOPER v. IDA McNAMARA, Appellant.

Minor: Necessaries Furnished.   It is no defense to an action
1   brought against a parent for board and lodging furnished his minor
son, that he is able to work, controls his own earnings, and that the
parent is able and willing to properly keep him at home; nothing
appearing to show but that the absence from home was by the par-
ent's consent.

*Appeal from Woodbury District Court.*—HON. A.
VANWAGENEN, Judge.

FRIDAY, OCTOBER 19, 1894.

ACTION to recover the value of board and the use
of a room furnished by the plaintiff to the minor son
of defendant.   There was a trial by the court on an
agreed statement of the facts, and a judgment for
plaintiff for the amount of her claim.   The defendant
appeals.—*Affirmed.*

*Swan, Lawrence & Swan* for appellant.

*W. G. Sears* and *Eugene Lutz* for appellee.

ROBINSON, J.—The cause is submitted in this
court on a certificate of the trial judge, which shows
facts as follows:   The defendant has been married
twice, the first time to A. W. Fowler.   In April, 1873,
she gave birth to a son, who was named Arthur Fowler.
In 1886, she was divorced from her husband, and by the
decree of divorce she was awarded the custody of the
son.   Soon after that time, Arthur commenced work-
ing for himself, under an agreement with his mother

that he should receive all his wages. From that time until November, 1890, he worked continuously, received his wages, and clothed and provided for himself, except that he slept at the home of his mother, and she washed and mended his clothes without compensation, and did not receive any part of his wages. After about the first of November, 1890, he worked during a short time for his father. Since that time he has not had continuous employment, but has had the money which he earned for his own use. He is large and healthy. In March, 1891, his mother, having married again, moved to Sloan, where she has since resided. She has a comfortable home there, and at all times has been willing that Arthur should remain with her, and has been ready to provide for him in a suitable and proper manner. When she moved to Sloan, he remained in Sioux City, to obtain work for himself, and continued there until on or about the twenty-first day of January, 1892. The defendant never agreed to pay his board and expenses when away from her home, nor said that she would be responsible for him in any manner. During that time her son was furnished the use of a room and board by the plaintiff, of the value of one hundred and thirty-one dollars and twenty-seven cents, for which he has paid only the sum of forty-eight dollars. The plaintiff had no knowledge that Arthur was working for himself and collecting his wages, and made no inquiry of him nor of anyone else in regard to that matter, but knew, while he was boarding with her, that the defendant resided at Sloan.

It is said by the appellee that *Porter v. Powell*, 79 Iowa, 151, 44 N. W. Rep. 295, is decisive of this case. The cases are similar in some respects. In each case the minor was away from home with the express or implied consent of the parent, and in each the earnings were controlled by the minor. In neither case did the parent furnish or agree to furnish the minor with

means of support, nor had the parent in either case formally emancipated the child, or expressed an intention not to be liable for necessaries which might be furnished it.   But in the *Porter* case the minor had a severe attack of a dangerous disease, and required the services of a physician.   The occasion was not one which admitted of delay and investigation, nor was it in any proper sense optional with the physician whether he would perform the services required.   The dictates of humanity and the necessities of the minor made it the duty of the physician to comply with her request, and render her the services demanded.   In deciding the case, it was said that the duty of the parent extended only to the furnishing of necessaries; that what are necessaries in a given case must be determined by the facts in that case; and that what would be necessary for a child in sickness would not be necessary in health.   It was also said, in substance, that the facts did not show an intention on the part of the parent not to be responsible for the support of his child if, in consequence of sickness or accident, she should be unable to support herself.   This case does not involve an emergency in which the needs of the minor were great and urgent, requiring immediate attention.   We may presume that the son of the defendant was able, if he could obtain employment, to support himself; that he had left home for that purpose, and had been given full control of his earnings.   It is the right of the parent, in the exercise of a reasonable discretion, to control the minor, to determine where he shall reside, and what he shall do.   It is the duty of the parent to provide his minor child with the necessaries of life, and, in the absence of evidence to the contrary, it will be presumed that the minor is subject to the control of the parent, although away from his home, and that the liability of the latter for necessaries furnished the minor continues.   In this case it is not questioned that

the board and room furnished the minor were neces-saries. So far as is shown, he was under the control of his mother while he was boarding with the plaintiff. His mother was willing to furnish him a home with her; yet, so far as the certificate shows, he may have remained in Sioux City, not only with her consent, but by her desire, to obtain employment and support himself so far as he could do so, and to that extent relieve her of the obligation to furnish him support. The facts certified do not show that the son was emancipated, nor that the defendant had decided not to furnish him further support. They do not show that he had ever supported himself wholly, nor that defendant expected him to do so. She really claims exemption from liability in this case on the ground that her son was able to work, was away from home, and controlled his earnings. But it is not the law that the parent is obliged to support a minor child only when he is at home, or is unable to work for his own support, or when his earnings are given to the parent. If, however, the minor refuses to remain at the place of residence his parent has provided for him, and there receive the support to which he is entitled, and, in violation of the wishes and direction of the parent, makes his home elsewhere, a question as to the liability of the parent for the support of the minor child might well arise. But this is not a case of that kind. Nothing contained in the certificate of the judge rebuts the presumption, which the law authorizes from the facts shown, that the liability of the defendant for the support of her son continued while he was boarding with the plaintiff. We conclude that the certificate shows facts which justified the district court in rendering the judgment in question, and it is, therefore, AFFIRMED.