JAMES W. HOPKINSON, Appellant, v. KNAPP & SPAL-
DING COMPANY.

Master and Servant: INJURING SERVANT. An employee was sent to
an upper floor to bring down some goods. On his return he fell into
an elevator shaft and was found below dead, with the goods still in
his hands. Evidence tended to show that one of the defendants,
shortly before the accident, left the elevator gate open, that goods
had been piled unusually near said gate. There was an unlighted
gas jet near the elevator, but employees were not to light it, need-
lessly, and they were not to use the elevator except for heavy articles.
Deceased knew how goods were usually stored on the floor, how to
make a light, and that he could have returned below without using
the elevator. It was, however, not necessarily dangerous to go near
it. There was no affirmative proof that deceased was free from con-
tributory negligence. *Held*, it was for the jury to say whether de-
ceased was free from contributory negligence, and on this, it may
consider the natural instinct to avoid danger.

5 Damages: Minor. The fact that there is a temporary arrange-
ment by which a minor uses his earnings in his support will not defeat
the parent's action brought on account of the negligent killing of the
child.

*Appeal from Woodbury District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

MONDAY, OCTOBER 22, 1894.

ACTION at law to recover damages which resulted
from the death of the minor son of the plaintiff, al-
leged to have been caused by negligence on the part of
the defendant. When the evidence had been fully
submitted, the jury, on the motion of the defendant,
was instructed to return a verdict for it, which was
done, and judgment was rendered on the verdict. The
plaintiff appeals.—*Reversed.*

*F. E. Gill* and *Lynn & Sullivan* for appellant.

*Wright, Hubbard & Bevington* for appellee.

ROBINSON, J.—On the second day of January, 1891, Thomas W. Hopkinson, a son of the plaintiff, fell into an elevator shaft of the defendant, and received injuries which caused his death within about half an hour. He does not appear to have spoken or to have been conscious after receiving the injury. He was seventeen years of age at the time, and had been in the employment of the defendant about four months. He worked with his brother Will on the second and third floors of the warehouse of the defendant, in handling and packing merchandise. The building is supplied with a freight elevator, which is operated from below to the third floor. The shaft is inclosed on that floor by a barrier about three and one half feet in height. A part of the barrier consisted of a door or gate, which was hung with weights and cords, and was opened by raising and closed by lowering it. That afforded the means of passing into and out of the elevator. A gaslight fixture hung near the gate. The third floor was about one hundred and fifty feet long and one-third as wide, and was well filled with merchandise, which in places was piled to the ceiling. Narrow spaces had been left for walks, which extended in various directions, one of which led past the elevator. At a little after 5 o'clock in the afternoon of the day of the accident, the decedent, who was then on the second floor, was told to go to the third floor, and bring down a dozen wire potato mashers. He ascended to the third floor by means of a stairway, obtained the mashers, and on his return fell into the elevator shaft onto the elevator, a distance of twenty-five or thirty feet, and received the injuries which caused his death. The plaintiff alleges that the accident was caused, without fault or negligence on the part of the decedent, by the negligence of the defendant in permitting the elevator gate to be and remain open and unfit for use, in piling goods too near the gate, and in piling

them nearer to it than was customary, and in not lighting the way at and near the elevator.

I.    The first three grounds of the motion to direct a verdict were that the evidence did not show negligence on the part of the defendant, that it failed to show that decedent was free from negligence, and that it shows affirmatively that he was guilty of contributory negligence.    The appellee contends that these grounds are fully sustained by the evidence.    There was evidence which tended to show facts substantially as follows:    Employees of the defendant were not permitted to use the elevator excepting to raise and lower articles which they could not readily carry up or down stairs.    The gate was habitually kept closed when the elevator was below it, and the decedent and his brother had been cautioned frequently not to leave it open at such times.    A few minutes before the accident, Mr. Spalding, the vice president of the defendant, and one or more customers, entered the elevator at the second floor, and ascended to the third floor for shovels.    Just after they went up, the decedent went up, as has been stated.    Mr. Spalding and his companions soon descended, and within three to five minutes thereafter the fall of the decedent occurred.    There is some confusion in the evidence in regard to the condition of the gate, the goods near it, and the light; but the jury would have been fully authorized to find that the gate was open, and that it had been so left by Spalding; that the gas jet near it was not lighted; and that goods consisting of tubs and other wooden ware had been piled unusually near the gate during the afternoon. We are of the opinion that the evidence would have authorized the jury to find that the accident was due in part, if not wholly, to the negligence of the defendant.    The testimony in regard to the alleged negligence of the decedent is not so direct and clear.    It is shown that he might have

obtained the mashers without passing by the elevator, but it was not necessarily dangerous to go near it. If the gate had been closed, as it should have been, it is not probable that the accident would have occurred. The appellee claims that it was closed, for the reason that Spalding closed it, and that the decedent must have climbed over it to reach the cable and raise the elevator. Nothing in the evidence makes such an act on the part of the decedent at all probable. He could not have passed the barrier by climbing over it or opening the gate without considerable effort, and that he did not make it is shown to some extent by the fact that the mashers were in his hands when he was found in the elevator. It can not be said that the jury might as readily have found that the gate was closed as that it was open at the time of the accident. It is not shown that any employee of the defendant used the elevator, or was near the gate, after Spalding left the third floor; and that fact and the further facts that but three, or at most five minutes elapsed after Spalding descended before the deceased fell, and that the elevator was there where Spalding had left it, tend to show that the gate was left open by Spalding. The evidence also tends to show that the defendant had directed its employees not to light the gas near the gate unless it was necessary, that the decedent did not know that merchandise had been placed unusually near the gate, and that the way past the elevator was the shortest one by which he could reach his destination. It is true there is no affirmative evidence of due care on the part of the decedent to avoid the accident, and to enable the plaintiff to recover it must be shown that the decedent was free from negligence. *Patterson v. Railroad Co.*, 38 Iowa, 279; *Nelson v. Railroad Co.*, *Id.* 566. Direct and positive evidence that the decedent did not by his own negligence contribute to the injury is not required. Where such evidence can not

be obtained, it is proper for the jury to consider the instincts of men, which naturally lead them to avoid danger, as evidence of due care on the part of the person injured. *Burns v. Railroad Co.*, 69 Iowa, 456, 30 N. W. Rep. 25; *Way v. Railway Co.*, 40 Iowa, 345; *Greenleaf v. Railroad Co.*, 29 Iowa, 48. See, also, *Mayo v. Railroad*, 104 Mass. 140; *Strong v. City of Stevens Point*, 22 N. W. Rep. (Wis.) 428. There was conflict in the evidence in regard to some of the material facts in the case. We do not say that a preponderance of the evidence tends to show that they are as we have set them out, but only that the jury might have found to that effect. The deceased was familiar with the way in which the goods were stored on the third floor. He knew of the elevator shaft, and that the gate might be open, and the elevator be below, and he knew, if there was no light, that means for making one were at hand. He also knew that he could have returned to the second floor without going near the elevator. Whether, in view of these facts, and others which may be · relevant, the plaintiff has failed to show that the deceased exercised reasonable care to avoid the accident, notwithstanding the inference which may be drawn in his favor, is not a question of law for the court, but one of fact, which should have been submitted to the jury. The case is not governed by the rule announced in *Meyer v. Houck*, 85 Iowa, 319, 52 N. W. Rep. 235.

II. The fourth and last ground of the motion for the court to direct a verdict was that the plaintiff had failed to show that he was damaged by the accident and the death of his son. At the time of his death the son was earning five dollars each week, but he had been living away from home about nine weeks and was paying three dollars and fifty cents a week for his board. The remainder of his earnings he used for his own purposes, the plaintiff not receiv-

ing any of them. But it is not shown that the arrange-
ment was permanent, nor that the son had been
emancipated. The plaintiff was entitled to his earnings,
and was liable for his support. *Cooper v. McNamara*,
92 Iowa, 243, 60 N. W. Rep. 522; *Porter v. Powell*,
79 Iowa, 151, 44 N. W. Rep. 295. As a rule, his earn-
ings were paid to the plaintiff, and the ordinary expense
of supporting him was but two dollars per week. The
plaintiff was entitled to recover his earnings in excess
of the cost of supporting him. We conclude that the
district court erred in directing a verdict for defendant,
and the judgment rendered is, therefore, REVERSED.