## ROWE v. RAPER ET AL.

[No. 2,751. Filed October 6, 1899.]

DECEDENTS' ESTATES.—*Parent and Child.*—*Funeral Expenses of Child.*
—The funeral expenses of a minor do not constitute a charge against
his estate, where he leaves a father surviving him who is able to pay
them.

From the Marion Circuit Court. *Reversed.*

*J. W. Noel* and *F. J. Lahr,* for appellant.

*Wilborn Wilson,* for appellees.

COMSTOCK, C. J.—Charles E. Raper, a minor, died in
March, 1896. In June of the same year, letters of admin-
istration on his estate were issued to the Marion Trust Com-
pany. The claim in suit is for funeral expenses due the un-
dertaker who officiated at the burial of the deceased, and
which appellee claims to own by virtue of an assignment.

In July, 1896, the undertaker brought suit for this claim
against the father of the deceased; the cause was put at issue
but was not tried, and in February, 1897, was dismissed as
"compromised and settled." The assignment of the claim to
appellant bears date March 16, 1897. Upon application,
appellant, in whose favor a claim for medical services ren-
dered the deceased had been allowed by the court against
the estate, was made a party defendant for the purpose of re-
sisting appellee's claim. The trial resulted in a judgment
for the amount claimed in favor of appellee. The adminis-
trator, not joining in the appeal, was made an appellee.

The only error assigned is the overruling of the motion
for a new trial. The first reason set out in the motion is that
the finding of the court is contrary to the law. The second
that it is contrary to the evidence. The third that it is con-
trary to the law and the evidence. These grounds are dis-
cussed together in the brief of counsel.

The deceased left surviving him a father. The claimant
was his step-mother. It is insisted by appellant that the fu-

neral expenses, which are the foundation of the claim, are not a charge against the estate. This position is supported by authorities. From the many authorities holding that it is the duty of the parent to provide for the necessaries of life of his minor children, we cite the following: *Kinsey* v. *State*, 98 Ind. 351; *Haase* v. *Roehrscheid*, 6 Ind. 66; *State* v. *Clark*, 16 Ind. 97; *Myers* v. *State*, 45 Ind. 160; *Corbaley* v. *State*, 81 Ind. 62; *Stale* v. *Roche*, 91 Ind. 406; *Lenskie* v. *Kerr*, (Tex. Civ. App.), 34 S. W. 766; *Moore* v. *Moore*, (Tex. Civ. App.), 31 S. W. 532; *Cooper* v. *McNamara*, 92 Iowa 243, 60 N. W. 522; Field on Parent & Child, §54. Schouler on Dom. Rel. says at §242a: "A father is, in general, liable for the decent funeral expenses of his deceased minor child," citing *Bair* v. *Robinson*, 108 Pa. St. 247; *Sullivan* v. *Horner*, 41 N. J. Eq. 299, 7 Atl. 411. The foregoing is the general rule. When the parent has not property of his own to support his minor child, resort may be had to the property of the child for such purpose, but such condition must first be made to appear before such resort can be had. *Corbaley* v. *State, supra; State* v. *Roche, supra; Rhode* v. *Tuten*, 34 S. C. 496, 13 S. E. 676. With equal reason a claim may be enforced against the estate of the minor for funeral expenses when the father is unable to pay them. It does not appear from the record that the father was not able to pay the claim in suit.

Counsel for appellees cite a number of cases to the effect that a minor is liable for the reasonable value of necessaries which may have been furnished him. This exception to the general rule that an infant cannot bind himself by his contract, is for the benefit of the infant himself, and not for those who give him credit. It has been decided that medical attention and articles furnished for the purposes of health may be recovered for, as necessaries. *Saunders* v. *Ott*, 1 McCord 351; *Price* v. *Sanders*, 60 Ind. 310. The infant is held on a promise implied by law, and not strictly speaking on an actual promise. *Trainer* v. *Trumbull*, 141 Mass.

527, 6 N. E. 761. In *Chapple* v. *Cooper*, 13 M. & W. 252, an infant widow was held bound by her contract as for necessaries for the funeral expenses of her husband who left no property to be administered. An infant husband may contract for the interment of his deceased wife or children, so as to be bound by his contract. In citing the case just mentioned, Mr. Schouler in his Domestic Relations, at §199, says: "The contract will have validity, because it is a contract for the burial of those who are *personae conjunctae* with him by reason of the marriage, and as such it is to be regarded as a contract for his own personal benefit."

Appellees cite 1 Connolly (N. Y. Surr.), p. 59, as holding that the estate of the minor was liable for the funeral expenses. A father died testate leaving a considerable fortune to a minor child. Upon his death, while still a minor, unmarried, and without creditors, the executor paid the funeral expenses. Upon settlement, the court held that the executor had no legal authority to make the payment, but that as it was made in good faith, and the amount reasonable, it would be equitable to allow him credit for the same in his settlement of the trust, as an administrator of the minor's estate would have been authorized to pay the same. The facts would certainly authorize the payment out of the estate. No question of the liability of the father, or the solvency of the minor's estate was raised as in the cause before us.

Appellees argue that if the claim in suit is not a proper charge upon the estate, that appellant's claim is without foundation. It does not follow. We do not know what evidence was introduced in the trial of appellant's claim. It will be presumed, in the absence of a showing to the contrary, that it fully justified the judgment.

We conclude that the claim so far as the facts are shown by the record is not a charge upon the estate. The only cases of which we are advised in which courts have passed directly upon the question hold the father liable. Nor does it seem unreasonable that the father having under the law

control of the person and earnings of his minor child should be required, when financially able, to give it suitable burial.

The remaining questions discussed relate chiefly to the assignment to appellee of the claim against the estate, upon which we are of the opinion it is not shown to be a charge, and to other questions which may not arise upon a second trial. We do not therefore deem it necessary to consider them.

The judgment is reversed, with instruction to sustain the motion for a new trial.

Henley, J., absent.