## Leach, Guardian, v. Williams.

[No. 4,306.   Filed February 3, 1903.]

GUARDIAN AND WARD.—*Medical Services Rendered Ward.—Parents' Liability.*—For medical services rendered a minor, a physician filed his claim against the minor's guardian. The claim was disallowed, and upon the trial the evidence showed that the minor lived with his father, and that the physician was called at the instance of, and the services rendered upon the credit of, the father. There was no evidence showing that the minor had any estate. *Held,* that the father, and not the guardian, was liable for the payment of the claim.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by Franklin A. Williams against David A. Leach as guardian of Thurlow Williams. From a judgment for plaintiff, defendant appeals. *Reversed.*

*D. A. Leach,* for appellant.

*R. L. Crawford, R. M. Miller* and *H. C. Barnett,* for appellee.

WILEY, J.—Appellee filed a claim against appellant as guardian of Thurlow Williams, deceased. Issues were joined by answer and reply, trial by the court, finding and judgment for appellee. Appellant's motion for a new trial was overruled. The court overruled a demurrer to the complaint, and sustained a demurrer to the fourth paragraph of appellant's answer. These rulings, all being adverse to appellant, are assigned as errors.

As the evidence is wholly insufficient to support the judgment, it is unnecessary to decide questions presented by the rulings on the demurrers to the complaint and fourth paragraph of answer.

The evidence shows that Thurlow Williams was the son of A. J. Williams and Sarena E. Williams, his wife. They lived on a farm about two miles from Needham, where the appellee was located in the practice of medicine. The fam-

ily of A. J. Williams, consisting of his wife and two children, besides Thurlow, were afflicted with measles, and appellee was called to attend them. Thurlow had a relapse, which resulted in some lung trouble, from which he died. He was about seventeen years old, and had always made his home with his parents, who furnished him with all the necessaries and comforts of life. Some time after his death appellee presented to his father a bill for the medical services he had rendered the family. The account contained six items,—one for services to his wife, two for services rendered to Thurlow, two for services rendered to him, and one for services rendered to his family. The two items for services rendered to Thurlow aggregated the same as the claim filed in this case, and the evidence shows that the two are identical. While the claim of appellee is against appellant as guardian of Thurlow, the evidence fails to show that the deceased had any estate in the hands of appellant, nor does the record disclose any facts showing any liability. The evidence shows that the appellant did not have control or custody of the person of the deceased, and did not in any manner contribute to his support. The record is silent as to how and for what purpose appellant was acting as guardian.

It is also disclosed by the evidence that appellee's services were procured by the authority of the father of the deceased, and that appellant knew nothing of it. It is also clear that the services were rendered upon the credit of the father, for the account was originally charged to him, and the account rendered to him. At the time the services were performed, appellee was indebted to the father of the deceased, and when he rendered his bill he requested Williams to render his account so they could have a settlement. He thus recognized the liability of the father. Some personal difficulties existed between appellee and Williams, and they failed to reach a settlement. Thereupon he filed his claim against appellant as guardian. A father is chargeable with the care,

support, and maintenance of his minor child.   21 Am. &
Eng. Ency. Law (2d ed.), 1049, and authorities there cited.
*Turner* v. *Flagg,* 6 Ind. App. 563; *Rowe* v. *Raper,* 23 Ind.
App. 27, 77 Am. St. 411, and authorities there cited.   It
has been held that where a minor child lives in the family
of a relative, and the father is alive and able to support it,
the guardian of the child, in the absence of any contract on
his part, can not be made liable for its support.   *Turner* v.
*Flagg, supra.*   The maintenance and care of a minor child
include necessary medical attendance.   There are no facts
disclosed by the evidence in this case which takes it out of
the general rule stated, and casts the parent's duty and lia-
bility on appellant as guardian.

Judgment reversed, and the court below is directed to
sustain appellant's motion for a new trial.