## HUNT, ADMINISTRATOR, v. OSBORN.

[No. 6,540. Filed December 12, 1907.]

1. WORK AND LABOR.—*Voluntary Services.—Contracts.—Implied.*— There can be no recovery for services voluntarily rendered without any expectation of charging therefor. p. 648.

2. PLEADING.—*Complaint.—Work and Labor.—Contracts.—Implied.* —A complaint for services rendered must show defendant's agreement, express or implied, to pay therefor. p. 648.

3. TRIAL.—*Presumptions.—Work and Labor.—Acceptance of Services.*—There is a disputable presumption that defendant has agreed to compensate plaintiff for his beneficial services which have been accepted. p. 648.

4. SAME.—*Issues.—Defenses.—Decedents' Estates.*—Under §2842 Burns 1908, Acts 1883, p. 151, §11, all defenses, except set-offs or counterclaims, may be given in evidence, without answer, in trials of claims against decedents' estates. p. 648.

5. SAME.—*Instructions.—Work and Labor.—Implied Contracts.— Decedents' Estates.*—An instruction, in an action for services rendered to a decedent, that the verdict should be for plaintiff for the value of the services rendered under the direction of deceased, unless the evidence shows that such services were performed under such circumstances that the plaintiff is not entitled to pay therefor, and that the burden of proving such defense is on defendant, is erroneous, the burden of proving that the

plaintiff was entitled to compensation being upon plaintiff regardless of any presumptions arising upon the evidence. p. 649.

6. TRIAL.—*Instructions.—Burden of Proof.—Harmful Error.*—An instruction placing the burden of proof wrongfully upon the defendant is prejudicial to such defendant, and is cause for a reversal. p. 649.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Claim by Joseph Osborn against Nathan Hunt, as administrator of the estate of Henry Hunt, deceased. From a judgment for claimant, defendant appeals. *Reversed.*

*W. W. Cook* and *Charles H. Cook,* for appellant.
*Charles L. Tindall* and *Robert E. Martin,* for appellee.

RABB, J.—The appellee filed a claim against the estate of Henry Hunt, deceased. The claim was not allowed by the appellant, the administrator of the estate, and went upon the issue docket for trial. No answer was filed. The cause was submitted to a jury for trial, and a verdict for $100 returned in favor of appellee. Appellant's motion for a new trial was overruled by the court, and judgment rendered in favor of appellee upon the verdict.

The overruling of appellant's motion for a new trial is the only error assigned here. Among the reasons set forth in appellant's motion for a new trial was the giving to the jury of appellee's instruction four, which reads as follows: "If you believe from a fair preponderance of the evidence that the plaintiff performed the services, or any part thereof, mentioned in his claim, under the direction of deceased, then you should allow him reasonable pay for such services so performed, unless it is shown by a fair preponderance of the evidence that such services were performed under such circumstances that the claimant is not entitled to pay therefor, and the burden of proving such defense by a fair preponderance of the evidence is upon the defendant."

It is well settled that for services voluntarily rendered by one person for another, with no expectation at the time

the services are rendered of charging therefor, there can be no recovery. 15 Am. and Eng. Ency. Law (2d ed.), 1079, and cases cited. And ordinarily a complaint to recover for services rendered to the defendant must show that the services sued for were not gratuitously rendered. It must appear that there was an agreement to pay for them, or circumstances must be shown from which the law will imply a promise to pay therefor. *Taggart* v. *Tevanny* (1891), 1 Ind. App. 339; *Warring* v. *Hill* (1883), 89 Ind. 497.

It is also well settled that ordinarily the law will imply both a request and promise to pay for services rendered by one person for another, when the beneficial results of such services have been accepted by the party for whom they were rendered. But this presumption of a promise to pay for such services may be rebutted by evidence that the relation of the parties was such, or the circumstances under which they were rendered were such, as to exclude the inference that they were dealing on the footing of a contract. *Chamness* v. *Cox* (1891), 2 Ind. App. 485; *Estate of Reeves* v. *Moore* (1892), 4 Ind. App. 492.

Our statute (§2842 Burns 1908, Acts 1883, p. 151, §11) permits matters of defense to be given in evidence without plea in claims filed against a decedent's estate, and affirmative defense to appellee's claim could have been offered, and in such case the estate would then have the burden of establishing such affirmative defense by a preponderance of the evidence. But the burden of establishing his claim was upon the appellee. He must show by a preponderance of the evidence not only that the services charged for were rendered, but that they were rendered at the request of the decedent, and that he promised to pay for them. This burden could be met by proof of services rendered, their beneficial character, and their acceptance by the decedent. From these circumstances the law would presume the request and promise to pay, but the presump-

tion is not a conclusive one, and may be rebutted by proof of facts and circumstances showing that the services were gratuitously rendered, and this would not be proof of an affirmative defense, but a denial of the promise to pay. The instruction quoted, which placed the burden of mak-

5. ing out a negative defense to appellee's claim upon the appellant, was clearly erroneous. *Young* v. *Miller* (1896), 145 Ind. 652; *Blough* v. *Parry* (1896), 144 Ind. 463; 1 Elliott, Evidence, §139; *Phipps* v. *Mahon* (1886), 141 Mass. 471.

Nor can we say that this error was harmless. The question on which the decision of the case hinged was whether, at the time the services were rendered, the appellee

6. expected to charge for them. It was claimed by the estate that they were mere acts of neighborly kindness rendered without charge or expectation of pay therefor at the time, and that the charge now made was an afterthought. There are facts and circumstances in evidence tending to support this theory, and, had the verdict of the jury been in favor of the estate, this court could not have disturbed it on the evidence.

Cause reversed, and new trial ordered.