## HEDRICK, EXECUTOR, v. HEDRICK.

[No. 7,706.   Filed April 6, 1911.   Rehearing denied June 27, 1911. Transfer denied November 21, 1911.]

1. APPEAL.—*Weighing Evidence.*—The jury trying a case is the sole judge of the weight of the evidence and of the credibility of the witnesses; and where there is some evidence tending to sustain every material allegation of the complaint, the judgment will not be disturbed, on appeal, for a want of evidence.   p. 660.

2. WORK AND LABOR. — *Compensation.* — *Payment.* — *Evidence.* — Where plaintiff alleges that, by contract, she was to receive $1.50 a week for her services, and that if she remained with decedent and his wife during their lives, she was to receive certain land, and the evidence shows that she so remained, and that she received $1.50 a week, it is for the jury to determine whether she was paid in full.   p. 661.

3. WORK AND LABOR.—*Burden of Proof.*—*Harmless Error.*—In an action for services rendered, an instruction that if the claimant rendered any services "for which she has not already been paid, she would be entitled to recover the reasonable value thereof, unless they were gratuitously rendered, and the burden is on defendant to show that they were rendered gratuitously, if rendered at all," is erroneous, the burden being upon plaintiff to establish affirmatively her right to recover; but such error was harmless, where there was no evidence that such services were rendered gratuitously.   p. 661.

From Rush Circuit Court; *Will M. Sparks*, Judge.

Action by Anna Hedrick against John D. Hedrick, as executor of the last will of Peter Hedrick, deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John Lockridge, Smith, Cambern & Smith, W. W. Cook* and *Charles H. Cook,* for appellant.

*Douglas Morris* and *Forkner & Forkner,* for appellee.

LAIRY, J.—Appellee filed a verified claim in two paragraphs against the estate of Peter Hedrick. The first paragraph was a general claim for services rendered in doing house and farm work, and in nursing and caring for decedent and his wife, and for general services from March, 1902, to March, 1909. The second paragraph alleged a special contract made between decedent, in his lifetime, and appellee and her parents, by the terms of which decedent agreed that if appellee would come and work for him in his family, and take care of himself and his wife, he would pay her at the rate of $1.50 a week for her services, and, in case she stayed with him and his wife, and cared for them as long as they lived, he would give her, at his death, a certain forty acres of land; that appellee fully performed her part of the agreement, and that decedent died without having made a will, or without leaving to appellee said forty acres of land in accordance with his agreement; that the services rendered by appellee were reasonably worth $4,000; that the said sum of $1.50 a week had been paid. Defendant demurred separately to each paragraph of the complaint, which demurrers were overruled, and these rulings are assigned as error. But as appellant has failed in his brief to discuss the sufficiency of either paragraph, or to cite any authority bearing thereon, these errors will be considered as waived.

It is contended by appellant that the lower court should have granted a new trial, on the ground that the verdict is not supported by the evidence, which is quite voluminous. Appellee introduced testimony tending to prove that there was a contract entered into between her and her parents on

the one side, and Peter Hedrick on the other, before she went to live in the family of the decedent, by the terms of which contract she was to receive $1.50 a week for her labor, and in the event she stayed with the family until the death of Peter Hedrick and his wife, she was to receive forty acres of land. The evidence introduced by appellee tended to show further that in the spring of 1902 she went to decedent's home, and lived with him and his wife and worked for them until they died, with the exception of a short time during which she was married and lived with her husband; that after her separation from her husband she returned to decedent's home, and he renewed his promise to give her the forty acres of land; that decedent was old and sick during the time appellee lived there, and his wife was also old and feeble; that the work performed by appellee was very disagreeable, and the services were reasonably worth $1 a day; that she was paid at the rate of $1.50 a week, during the time she lived in decedent's family, but that decedent failed to keep his contract in respect to giving her forty acres of land, or its value in money.

There was sharp conflict in the evidence. The testimony introduced by defendant tended to show that there was no contract by which decedent, Peter Hedrick, agreed to pay appellee anything in excess of the $1.50 a week, and that she admitted after the death of Peter Hedrick that she had been fully paid for her services. It also tended to prove that Peter Hedrick and his wife were healthy old people, that appellee did very little work, spent most of her time looking after her own children, and that the services rendered by her were not worth $1.50 a week.

The jury trying the case was the sole judge of the weight of the evidence and the credibility of the witnesses. The questions of fact involved in this case were submitted to the jury, and it returned a verdict in favor of the claimant. There was evidence upon every question material to a recov-

ery, and this court cannot interfere with the verdict upon the weight of the evidence.

It is urged by appellant that the evidence introduced by the executor clearly shows that appellee had been paid in full, and that this evidence was undisputed. In this 2. contention appellant is mistaken. The evidence shows without dispute that appellee was paid $1.50 a week during the time she worked in decedent's household. Whether this was payment in full depended upon the amount that was due to her for her labor. If the jury believed from the evidence that appellee went to work for decedent, with the express understanding that she was to have $1.50 a week for her services, and that if she stayed and took care of decedent and his wife as long as they lived she should receive forty acres of land in addition to that sum—this would indicate that the services were rendered with the understanding that the weekly payments were not intended as full compensation for her services; and if the jury found that her services were worth an amount in excess of $1.50 a week, then it would be justified in finding that claimant had not been paid in full for her services.

Objection is made to several instructions given by the court of its own motion. We have examined these instructions, and think that all except the fifth are correct.

3.    The fifth instruction is as follows: ''In this case, if you find that the claimant rendered any services to decedent for which she has not already been paid, she would be entitled to recover the reasonable value thereof, unless they were gratuitously rendered, and the burden is on the defendant to show that they were rendered gratuitously, if rendered at all.'' According to a recent case decided by this court (*Hunt* v. *Osborn* [1907], 40 Ind. App. 646) this instruction is erroneous. The instruction in that case was almost identical with the one complained of in the case at bar. It read as follows: ''If you believe from

a fair preponderance of the evidence that the plaintiff performed the services, or any part thereof, mentioned in his claim, under the direction of decedent, then you should allow him reasonable pay for such services so performed, unless it is shown by a fair preponderance of the evidence that such services were performed under such circumstances that the claimant is not entitled to pay therefor, and the burden of proving such defense by a fair preponderance of the evidence is upon the defendant.'' In passing upon the correctness of this instruction the court said: ''But the burden of establishing his claim was upon the appellee. He must show by a preponderance of the evidence not only that the services charged for were rendered, but that they were rendered at the request of the decedent, and that he promised to pay for them. This burden could be met by proof of services rendered, their beneficial character, and their acceptance by the decedent. From these circumstances the law would presume the request and promise to pay, but the presumption is not a conclusive one, and may be rebutted by proof of facts and circumstances showing that the services were gratuitously rendered, and this would not be proof of an affirmative defense, but a denial of the promise to pay. The instruction quoted, which placed the burden of making out a negative defense to appellee's claim upon the appellant, was clearly erroneous.''

This instruction being erroneous, the judgment in this case must be reversed, unless it clearly appears from the whole record that the error was harmless. There was no evidence introduced tending to show that any of the services rendered by appellee were gratuitous. The evidence, without dispute, shows that appellee was to receive $1.50 a week, and that this amount had been paid. Appellee's claim for compensation in excess of that amount is based upon the ground that the amount stipulated to be paid weekly was not intended as full payment, and that she rendered the services under an express agreement with decedent that she should be given

forty acres of land in the event she stayed and took care of him and his wife as long as they lived. The first disputed question of fact that the jury had to determine was whether this agreement was made. If it found that this agreement was made, the only other disputed question was, what amount such services were worth in excess of $1.50 a week. The question as to whether any services were gratuitously rendered was not before the jury, and no instruction should have been given bearing upon this subject. An erroneous instruction as to the burden of proof on this question did not harm the appellant, for the reason that if the jury had found that the services of appellee were rendered gratuitously, there would have been no evidence to sustain such a finding. *City of Indianapolis* v. *Cauley* (1905), 164 Ind. 304, 312; *Indianapolis, etc., Transit Co.* v. *Haines* (1904), 33 Ind. App. 63; *McCall* v. *Seevers* (1854), 5 Ind. 187.

If the verdict had been against appellee, she might have complained of this instruction, for the reason that it submitted to the jury the question as to whether her services, or a part thereof, were gratuitously rendered, where there was no evidence which would justify a finding against her on that question. *McMahon* v. *Flanders* (1878), 64 Ind. 334; *Moore* v. *State* (1879), 65 Ind. 382.

In the case of *Hunt* v. *Osborn, supra,* the court said: "The question on which the decision of the case hinged was whether, at the time the services were rendered, the appellee expected to charge for them. It was claimed by the estate that they were mere acts of neighborly kindness rendered without charge or expectation of pay therefor at the time, and that the charge now made was an afterthought." The question as to whether the services were gratuitously rendered was the pivotal question in that case; but in this case, no such question was presented by the evidence. As there is no evidence tending to prove that any of the services rendered by appellee to decedent were gratuitous, and as a finding in favor of appellant on this ground would have

no evidence to support it, we hold that an erroneous instruction as to the burden of proof on that question did not harm appellant.

Judgment affirmed.