## BLOWER EXEC. McGINN v. MANLEY.

[No. 20,713. Filed January 23, 1968. Rehearing denied February 8, 1968. No petition to transfer filed.]

*Busby, Austin, Cooper and Farr,* of Anderson, for appellant.
*Schrenker and Anderson,* of Anderson, for appellee.

PFAFF, J.—The appellee, James P. Manley, filed a claim in the estate of Edward McGinn of which Kenneth E. Blowers is executor for personal services alleged to have been rendered by the appellee to the appellant's decedent. Said claim reads as follows:

> "For services in aiding, assisting and taking care of decedent, including arranging for hospitalization, doctors, paying bills for decedent, transporting him to various and sundry places over the last six years at an average time of ten hours per week or 3,120 hours _____$9,000.00."

The appellant resisted the claim and trial was had by the court without the intervention of a jury. The judgment of the trial court was as follows:

> "Come now the parties and this cause having been heretofore taken under advisement by the Court, the Court now being well and sufficiently advised in the premises, now finds for the claimant that he is entitled to have and recover of and from the Estate of Edward McGinn, deceased, the

sum of $7,000.00, together with the costs of this action herein laid out and expended, taxed at $————. All payable out of the assets of said Estate.

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Claimant, James P. Manley, have and recover of and from the Estate of Edward McGinn, deceased, the sum of $7,000.00, together with the costs of this action herein laid out and expended, taxed at $————, all payable out of the assets of said Estate.

"ALL OF WHICH IS FULLY AND FINALLY ADJUDGED AND DECREED BY THE COURT."

The appellant filed motion for new trial which was overruled and now assigns as error that the court erred in overruling his motion for new trial and more specifically that the decision of the court is contrary to law and sustained by insufficient evidence.

The evidence was oral and the entire cross-examination of the appellee who was permitted to testify over the appellant's objection follows:

"Q. You and Mr. McGinn were friends, weren't you?
"A. That is right.
"Q. And he was one of your close friends?
"A. Yes.
"Q. And he regarded you, I am sure, very highly. Enjoyed your friendship, enjoyed your counseling?
"A. That's right.
"Q. And valued your companionship, didn't he?
"A. I think so.
"Q. And I think you reciprocated, didn't you?
"A. I tried to.
"Q. Didn't you enjoy his company and being with him?
"A. Yes.
"Q. And when you took him somewhere you didn't expect to get paid for it, did you?
"A. Not necessarily, no.
"Q. When you went to the hospital with him, and to see him, you didn't expect to get paid for that, did you?
"A. No.

"Q. When you went to hire nurses for him, you did this because you liked him and you were friends, you didn't do it for pay did you?

"A. Like he would do the same thing for me, that is right.

"Q. He would do the same thing for you, wouldn't he?

"A. Yes."

On re-direct examination, the claimant indicated that after the decedent's death he changed his mind and decided to charge for his services. There was no misapprehension about the claimant's intention when the services were performed because the trial court remarked: "I thought he just testified that he didn't expect any pay."

A claim against a decedent's estate rests upon an express or implied contract. To warrant a finding of an express or implied contract to pay for services rendered by claimant, the elements of intention to pay and expectation of compensation must be found to exist. 13 I.L.E., *Executors and Administrators*, § 157, p. 452, with cases cited.

In the case of *Hunt* v. *Osborn* (1907), 40 Ind. App. 646, 82 N. E. 933, this court reversed a judgment for the claimant and said:

"It is well settled that for services voluntarily rendered by one person for another, with no expectation at the time the services are rendered of charging therefor, there can be no recovery. 15 Am. and Eng. Ency. Law (2d ed.), 1079, and cases cited. . . ."

And at page 649, this court further said:

". . . The question on which the decision hinged was whether, at the time the services were rendered, the appellee expected to charge for them. It was claimed by the estate that they were mere acts of neighborly kindness rendered without charge or expectation of pay therefor at the time, and that the charge now made was an afterthought. There are facts and circumstances in evidence tending to support this theory, and, had the verdict of the jury been in favor of the estate, this court could not have disturbed it on the evidence.

Cause reversed and new trial ordered."
This rule is of general application throughout the country. In 58 Am. Jur., *Work and Labor*, § 8, p. 516, it is stated:

". . . No promise will be implied to pay for services rendered by one person for another when at the time of their rendition there was no intent to charge or expectation of payment, as where services are rendered from motives of friendliness, neighborliness, kindness or charity. . . ." See also 31 Am. Jur. 2d, *Executors and Administrators*, § 317, p. 157.

The evidence in the case at bar fails to disclose any attempt to prove the existence of an express contract nor was there any evidence that decedent expected to pay for the services rendered or that appellee at the time the services were performed expected payment. To the contrary, the evidence affirmatively displayed that the appellee had no intention to charge for the services but rendered them voluntarily and gratuitously.

It is the opinion of this court that the trial court erred in finding for the appellee.

Judgment reversed with instructions to render judgment for appellant.

Cook, P. J. and Smith, J., concur.

Bierly, J., concurs in result.

NOTE.—Reported in 233 N. E. 2d 184.